PEOPLE v LANE

1. CRIMINAL LAW—SUPERINTENDING CONTROL—JOINDER OF PARTIES—
   STANDING—PRELIMINARY EXAMINATION—MUNICIPAL JUDGES—
   COURT RULES.

   A criminal defendant has no standing to contest the joinder or
   nonjoinder of parties where the action in which the defendant
   claims she should have been joined was a superintending
   control action in circuit court by a prosecutor against a munici-
   pal judge seeking review of the municipal judge's decision
   refusing to bind the defendant over for trial after a preliminary
   examination; it is incumbent upon a defendant municipal judge
   in such an action to object to the failure to join parties (GCR
   1963, 205).

2. CRIMINAL LAW—PRELIMINARY EXAMINATION—BINDING OVER FOR
   TRIAL—COURTS—CIRCUIT COURT—SUPERINTENDING CONTROL—
   COURT RULES.

   The proper method for review of a municipal judge's decision
   refusing to bind a criminal defendant over for trial after a
   preliminary examination is to commence a circuit court action
   for superintending control (GCR 1963, 711).

3. CRIMINAL LAW—PRELIMINARY EXAMINATION—BINDING OVER FOR
   TRIAL—SUPERINTENDING CONTROL—COURTS—CIRCUIT COURT—
   MUNICIPAL JUDGES—JOINDER OF PARTIES.

   A superintending control action in circuit court after a prelimi-
   nary examination in which a municipal judge refused to bind a
   criminal defendant over for trial is an original civil complaint
   designed to require the defendant municipal judge to perform a
   clear legal duty and the criminal defendant does not necessar-
   ily have to be joined as a party to the superintending control
   action.

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 20 Am Jur 2d, Courts § 111 *et seq.*
   Superintending control over inferior tribunals. 112 ALR 1351.
[5] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
   29 Am Jur 2d, Evidence § 783 *et seq.*

4. CRIMINAL LAW—SUPERINTENDING CONTROL—INTERVENTION—PRE-
   LIMINARY EXAMINATION—BINDING OVER FOR TRIAL—COURT
   RULES.

   Intervention as of right in a superintending control action is a
   criminal defendant's means of protecting her interests where
   the superintending control action is to compel a municipal
   judge to bind the defendant over for trial, where the municipal
   judge had refused to bind the defendant over for trial after a
   preliminary examination; the defendant's interests need not be
   represented in such an action where the defendant had re-
   ceived notice of the action but did not file a motion for inter-
   vention (GCR 1963, 209.1[3]).

5. EVIDENCE—CRIMINAL LAW—PHOTOGRAPHS—APPEAL AND ERROR—
   MANIFEST INJUSTICE—PRESERVING QUESTION.

   A defendant's claim that certain photographs admitted into evi-
   dence were unduly prejudicial and inflammatory will be re-
   viewed by the Court of Appeals only to determine whether
   manifest injustice has occurred where the defendant's only
   objection related to the foundation for admission of the photo-
   graphs.

Appeal from Wayne, Charles Kaufman, J. Sub-
mitted October 6, 1976, at Detroit. (Docket No.
21798.) Decided February 2, 1977.

Kathy L. Lane was convicted of manslaughter.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training & Appeals, and *Lee
William Atkinson,* Assistant Prosecuting Attorney,
for the people.

*Brown, Baltimore & Stephens, P. C.,* for defend-
ant.

Before: V. J. BRENNAN, P. J., and BRONSON and
BASHARA, JJ.

BASHARA, J. The appellant was convicted by a jury of manslaughter, MCLA 750.321; MSA 28.553, and appeals.

The appellant was arrested and charged with felony murder. A preliminary examination was conducted on October 9, 1973, before a Highland Park municipal judge. At the close of the hearing the magistrate dismissed the charges against the appellant.

On February 14, 1974, the people filed a civil action in circuit court against the examining magistrate. The action sought an order for superintending control requiring the magistrate to perform a clear legal duty and bind the appellant over on either the charge of felony murder, or first- or second-degree murder.

A hearing was held and the circuit judge found that the appellant should have been bound over for trial on a first-degree murder charge. The court set aside the order of the magistrate dismissing the charge against appellant, and ordered the magistrate to bind the appellant over for trial.

The appellant raises a number of issues regarding the superintending control action. No appeal was ever taken from that action. It appears that the appellant is impermissibly attempting to collaterally attack the superintending control judgment. *Cf. People v Pickett,* 391 Mich 305; 215 NW2d 695 (1974), *State ex rel Ingham County Prosecutor v American Amusement Co, Inc,* 71 Mich App 130; 246 NW2d 684 (1976). However, because the issues raised are of first impression, they will be discussed in this appeal solely to provide future guidance.

Appellant argues that she was denied due process of law because she was not provided with

notice of the superintending control hearing. The record does not bear out appellant's assertions.

A proof of service discloses that the appellant was personally served on February 15, 1974, with a copy of the complaint, an order to show cause, and a notice of hearing. Likewise, appellant's attorney of record[1] was served by mail on February 15, 1974. It does not appear that either the appellant or her attorney attempted to attend the hearing. Under these circumstances we find no deprivation of due process of law.

Appellant further contends that she should have been joined as a party pursuant to the necessary joinder provisions of GCR 1963, 205.1.[2]

The proper method for review of a municipal judge's decision refusing to bind a defendant over after a preliminary examination is to commence a circuit court action for superintending control, GCR 1963, 711. *People v Flint Municipal Judge,* 383 Mich 429, 431; 175 NW2d 750 (1970). The nature of superintending control was described in *People v Flint Municipal Judge, supra,* at 432, as follows:

"The process is not, properly speaking, an appeal. *It is rather a whole new lawsuit, with different parties and different purposes. People v Yeotis [People v Flint Municipal Judge]* is not a criminal case, but is rather an original civil complaint designed to require the *defendant municipal judge* to perform a clear legal duty." (Emphasis supplied.)

---

[1] Appellant's attorney of record filed a petition to withdraw as counsel on March 17, 1974, and it was granted the same day.

[2] Failure to object to necessary joinder waives the error. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Committee Notes to GCR 1963, 205, p 545. It was incumbent upon the defendant municipal judge to object to the failure to join parties. Consequently, appellant appears to be arguing under the wrong court rule. She has no standing to contest joinder of parties until she is a party. Thus, intervention would be her remedy. GCR 1963, 209.

Superintending control contemplates a civil action aligning the people of the State of Michigan versus the municipal judge. It appears that the Supreme Court did not believe that the criminal defendant would necessarily have to be joined as a party to this action.

This conclusion would seem consistent with GCR 1963, 205.1, which requires joinder of those "persons having such interests in the subject matter of an action that their presence in the action is essential to permit the court to render complete relief".[3] The appellant's presence was not essential for the court to render complete relief in this type of action. The circuit court could—without the presence of the appellant—order the municipal judge to bind an appellant over for trial in accordance with the clear legal duty that was placed upon the magistrate at the conclusion of the preliminary examination.

That is not to say that the appellant's interests were not adversely affected by such a determination. Clearly they were. However, the appellant, who had notice of this action, was not foreclosed from participation. She could have interevened as of right. GCR 1963, 209.1(3). No such motion was ever made. Consequently, we find no error.

Appellant next contends that certain photographs admitted into evidence were unduly prejudicial and inflammatory. At trial appellant's only objection related to the foundation for admission of the photographs. As such, we only review appellant's claim to determine whether manifest injustice has occurred. *People v Riley,* 67 Mich App

---

[3] GCR 1963, 205.2 has no application to this matter. It only applies in those cases where persons who ought to be parties *cannot* be joined. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Committee Notes to GCR 1963, 205, p 541. Appellant was within the jurisdiction and could have been joined as a party.

320, 323; 240 NW2d 787 (1976). We find none. See generally *People v Olsson,* 56 Mich App 500, 506–507; 224 NW2d 691 (1974), *lv den,* 394 Mich 772 (1975).

Appellant's final assertion that the trial judge should have granted her motion to dismiss at the close of the appellee's case is without merit.

Affirmed.