PEOPLE v HAGAR

1. Criminal Law—Parties—Due Process—Intervention—Superintending Control Actions—Appeal and Error—Court Rules.

Due process requires that a criminal defendant have a right to intervene in a superintending control action brought by the state to review a municipal judge's decision to quash an information and discharge the defendant after a preliminary examination; however, the failure to include the defendant as an intervening party is not erroneous where a motion for intervention has not been made in accordance with the procedure set forth in the court rule regarding intervention (GCR 1963, 209.3).

2. Criminal Law—Appeal and Error—Assistance of Counsel—Testimonial Record.

It is incumbent upon a criminal defendant, who claims that he has been denied the assistance of counsel, to make a testimonial record of his claim at the trial level, since, without record evidence the Court of Appeals has no basis for considering such claim.

3. Appeal and Error—Criminal Law—Preliminary Examination—Preserving Issue.

Errors relating to irregularities occurring at a preliminary examination may not be raised for the first time on appeal.

4. Criminal Law—Appeal and Error—Court's Discretion—Motions to Quash—Harmless Error.

It was error for a circuit judge to fail to recognize that he is

References for Points in Headnotes

[1, 4] 4 Am Jur 2d, Appeal and Error §§ 78–79, 81, 86, 794.
Appealability of order overruling or sustaining motion to quash or set aside service of process. 30 ALR2d 287.
[2] 5 Am Jur 2d, Appeal and Error § 515 *et seq.*
[3, 5] 5 Am Jur 2d, Appeal and Error, § 545 *et seq.*
[6] 21 Am Jur 2d, Criminal Law § 175 *et seq.*
81 Am Jur 2d, Witnesses § 587 *et seq.*
Impeachment of witness by evidence or inquiry as to arrest, accusation, or prosecution. 20 ALR2d 1421.

empowered with the discretion to quash an information charging first-degree murder where the defendant has moved that the information against him be quashed because no premeditation was shown at the preliminary examination; such error is harmless, however, where sufficient evidence of premeditation had been presented.

5. Appeal and Error—Criminal Law—Walker Hearings—Objections at Trial—Miscarriage of Justice.

Failure to hold a *Walker* hearing outside of the presence of the jury is not reversible error where there was no objection made at trial and where no miscarriage of justice is found.

6. Witnesses—Criminal Law—Impeachment—Misdemeanor Convictions—Appeal and Error—Felony Convictions.

It is harmless error to use misdemeanor convictions to impeach a criminal defendant where the defendant has already been impeached by a felony conviction and where the impact of the misdemeanor convictions is slight.

Appeal from Wayne, Charles Kaufman, J. Submitted October 6, 1976, at Detroit. (Docket No. 22000.) Decided February 2, 1977.

Charles Hagar was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Research, Training and Appeals, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*John B. Phelps,* Assistant State Appellate Defender, for defendant.

Before: V. J. Brennan, P. J., and Bronson and Bashara, JJ.

Per Curiam. The appellant was convicted by a

jury of first-degree murder, MCLA 750.316; MSA 28.548, and appeals.

The appellant was originally charged with felony murder. After a preliminary examination before a Highland Park municipal judge, the information was quashed and the appellant was discharged.

On February 14, 1974, the appellee filed a civil action in circuit court against the examining magistrate. The appellee sought an order for superintending control requiring the magistrate to bind the appellant over on either the charge of felony murder, or first- or second-degree murder.

A hearing was held and the circuit judge found that the appellant should have been bound over for trial on a first-degree murder charge. The court set aside the order of the magistrate quashing the information, and ordered the magistrate to bind the appellant over for trial.

The appellant raises a number of issues relating to the superintending control action. No appeal was ever taken from what appellant claims was a denial of a motion to intervene in that action. At this time it appears that the appellant is attempting to collaterally attack the judgment in the superintending control action. This is impermissible. *Cf. People v Pickett,* 391 Mich 305; 215 NW2d 695 (1974), *State ex rel Ingham County Prosecutor v American Amusement Co, Inc,* 71 Mich App 130; 246 NW2d 684 (1976). We discuss these issues further in reference to the companion published opinion in *People v Lane,* 73 Mich App 457; 252 NW2d 481 (1977).

The first issue raised by the appellant in his exceedingly prolix brief is that due process requires he be allowed to intervene as a matter of right in the superintending control action. In *Peo-*

*ple v Lane, supra,* we have recognized such a right pursuant to GCR 1963, 209. However, appellant made no motion to intervene in accordance with the procedure set forth in GCR 1963, 209.3. See *Kolar v Hudson,* 55 Mich App 114; 222 NW2d 53 (1974), *lv den* 393 Mich 811 (1975). Consequently, we find no error. See *People v Lane, supra.*

Appellant further contends that he was denied due process of law because counsel was not appointed to represent him at the superintending control action. He asserts that his court-appointed attorney was advised by two circuit court judges that the obligation to defend the appellant terminated upon dismissal of the charges.

There is no record support for the appellant's allegations. We have obtained the court file in the superintending control action, and have discovered that the hearing was not transcribed. No affidavits have been filed by the appellant or his original court appointed attorney to support the allegations contained in the brief.

To the extent the appellant claims he was denied assistance of counsel, it is incumbent upon him to make a testimonial record at the trial level. *People v Ginther,* 390 Mich 436, 443; 212 NW2d 922 (1973). Without record evidence we have no basis for considering such claims.

The appellant's remaining issues pertaining to the superintending control action will not be considered for they are not properly before us on this appeal.

The appellant further argues that the examining magistrate erroneously considered the preliminary examination transcript of a codefendant in determining whether there was probable cause. Errors relating to irregularities occurring at the preliminary examination may not be raised for the

first time on appeal. *People v Boyd,* 49 Mich App 388, 402, n 5; 212 NW2d 333 (1973), *lv den* 394 Mich 809 (1975).

The next issue raised by the appellant is that prior to trial a motion was made before a circuit court judge to quash the information because no premeditation was shown at the preliminary examination. By an order dated June 24, 1974, the judge denied the motion to quash, stating:

"It is hereby ordered that the Motion to Quash the Information be, and the same is hereby denied, for the reason that the matter has already been decided on Judge Joseph A. Sullivan's Writ of Superintending Control to Judge David Golden."

The appellant contends that the circuit judge erred in failing to exercise his discretion. We agree. The superintending control action was directed towards the examining magistrate, not the circuit judge. The circuit judge was not bound by the superintending control order, and should have made an independent determination.

We are of the opinion that the error was harmless. Sufficient evidence of premeditation was presented.[1]

The testimony at the original preliminary exam reveals the appellant and three other people went to the apartment of Linda Horsely looking for Harry Simpson. One of the individuals had given Simpson narcotics and this citizens group was seeking either compensation or a return of the narcotics.

[1] This testimony was all developed prior to the superintending control action. The evidence does disclose first-degree murder committed with premeditation and deliberation and the preliminary examination magistrate had the power and should have bound the appellant over on this charge. MCLA 766.12; MSA 28.930.

As they entered the apartment the appellant had a gun drawn. The appellant hit Horsely with the gun. He told her to sit down and be quiet, and that she was going to tell where to find Simpson.

Two of the individuals attacked Timothy Hinton, who was at the apartment. They repeatedly hit Hinton over the head with a statue. One of the individuals discovered a switchblade in the apartment and stabbed Hinton a number of times. Another told Horsely that she could stop the violence if she told them where to locate Simpson.

The appellant continued kicking and beating Horsely. He threatened to kill her if she screamed again.

After inflicting brutal beatings to both occupants of the apartment, the appellant yelled they had better leave because Hinton was dying. Hinton eventually died.

Appellant next argues the trial judge erred in failing to hold a *Walker*[2] hearing outside the presence of the jury. There was no objection at trial, and we find no miscarriage of justice. MCLA 769.26; MSA 28.1096.

The appellant also submits that the trial court violated the mandates of *People v Renno,* 392 Mich 45; 219 NW2d 422 (1974), by allowing misdemeanor convictions to be used for impeachment purposes. The error was harmless. See *People v McMillan,* 68 Mich App 113, 122; 242 NW2d 518 (1976). The appellant had already been impeached by a felony conviction, and the impact of misdemeanor convictions was slight.

It is suggested that the trial judge gave an erroneous instruction on aiding and abetting. The issue is controlled by *People v Burgess,* 67 Mich

[2] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

App 214; 240 NW2d 485 (1976), and does not require reversal.

We reject appellant's contention that the jury verdict may not have been unanimous because the trial judge instructed on multiple theories of guilt and the jury did not indicate upon which theory it ruled. A review of the entire instruction discloses that the trial judge read the entire first-degree murder statute to the jury. However, he only instructed on first-degree murder dealing with premeditation. He did not instruct on felony murder. There was sufficient evidence to support such an instruction.

Affirmed.