PEOPLE v EDMOND

1. BAIL—PRETRIAL RELEASE—STANDARD OF REVIEW—ABUSE OF DIS-
    CRETION—COURT RULES.
    The standard of review of a pretrial release or bail decision is
    abuse of judicial discretion; a trial judge's exercise of discretion
    in such matters is guided by nine enumerated factors set out in
    the pretrial release court rule (GCR 1963, 790.5, 790.7[b], [d]).

2. BAIL—PRETRIAL RELEASE—TRANSCRIPT—MOTION FOR REVIEW—
    COURT REPORTERS—PRIORITY—COURT RULES.
    A party seeking review of a bail decision under the pretrial
    release court rule must file with the Court of Appeals a
    certified copy of the transcript of the pretrial release hearing at
    the same time the motion for review is filed; therefore, al-
    though not addressed in the rule, it is obvious that court
    reporters must give immediate priority to the preparation of
    bail decision transcripts (GCR 1963, 790).

3. BAIL—AMOUNT OF BAIL—DISCRETION OF TRIAL COURT—APPEAL AND
    ERROR—COURT RULES.
    Remand to circuit court for reconsideration of the amount of bail
    is necessary where there is an absence in the record of particu-
    larized consideration of the amount of money bail with specific
    reference to the nine factors enumerated in the pretrial release
    court rule and where because of the absence of reasons stated
    on the record for the decision to require the amount of bail
    established in the case, the Court of Appeals is unable to
    review the trial court's exercise of discretion in setting the
    amount of bail (GCR 1963, 790).

4. BAIL—PRETRIAL RELEASE—AMOUNT OF BAIL—CONSTITUTIONAL LAW
    —EXCESSIVE BAIL—ASSURING DEFENDANT'S PRESENCE—COURT
    RULES.
    A magistrate or arraigning judge in determining which form of

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 8 Am Jur 2d, Bail and Recognizance §§ 48, 53, 54.
[3, 4] 8 Am Jur 2d, Bail and Recognizance §§ 58, 68.
[5] 8 Am Jur 2d, Bail and Recognizance §§ 71–73.
[6] 8 Am Jur 2d, Bail and Recognizance § 12 *et seq.*

release to use under the pretrial release rule and the amount of bail to be required should keep in mind that pretrial release of an accused is a matter of constitutional right and is the state's favored policy under the pretrial release rule; money bail is excessive if it is in an amount greater than reasonably necessary to adequately assure that the accused will appear when his presence is required (GCR 1963, 790).

5. BAIL—DANGEROUSNESS OF ACCUSED—PRETRIAL—RELEASE DECISION —OBSTRUCTION OF JUSTICE—INTIMIDATION OF WITNESSES—STATUTES.

An accused's dangerousness to the community in general may not be considered in a pretrial release decision; however, if the accused has made threats against witnesses in the prosecution for which he is being held or otherwise indicates an intention to obstruct the prosecution, that factor may be considered in a pretrial release decision either under the Bail Reform Act of 1966 or as a matter of the court's inherent right to protect the integrity of the judicial process; but the pretrial release decision may not take into consideration allegations that the accused intimidated witnesses or attempted to obstruct justice on a previous occasion, not related to the prosecution for which he is being held, where the accused was never prosecuted for the alleged intimidation or obstruction of justice (18 USC 3146).

6. BAIL—APPEAL AND ERROR—APPEAL AS OF RIGHT.

There is no appeal as of right to review an order on a bail decision (GCR 1963, 790).

Appeal from Ingham, Michael G. Harrison, J. Submitted January 10, 1978, at Lansing. (Docket No. 78-35.) Decided March 14, 1978.

Percy A. Edmond was indicted on one count of conspiracy to deliver heroin and 13 counts of delivery of heroin or possession with intent to deliver heroin. At arraignment on the indictment bail was set at $625,000 and later reduced to $205,000. Defendant appeals. Appeal dismissed and the matter remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter D. Houk,*

Prosecuting Attorney, and *John E. Steele,* Assistant Prosecuting Attorney, for the people.

*H. Eugene Bennett,* for defendant.

Before: DANHOF, C. J., and BRONSON and BEASLEY, JJ.

PER CURIAM. Defendant has filed a claim of appeal from, and a motion to review, a bail decision, pursuant to GCR 1963, 790.7(b). The prosecuting attorney has filed a motion to dismiss the claim of appeal and, in answer to the motion, contends that the amount of the money bail should be increased because of evidence presented at the pretrial release hearing (but not considered by the trial court in his bail decision) that on a prior occasion defendant solicited the testifying witness to kill a possible witness against defendant's brother in judicial proceedings apparently not related to the present indictment. No prosecution arose from that alleged solicitation.

Defendant is presently incarcerated in county jail under indictment by an Ingham County Citizens Grand Jury which charges him with one count of conspiracy to deliver heroin and with 13 counts of delivery of heroin or possession with intent to deliver heroin. At arraignment on the indictment, the circuit court set bail in the amount of $625,000 surety bond: $300,000 on the conspiracy count and $25,000 for each additional count contained in the indictment. At a later hearing for pretrial release under GCR 1963, 790, the circuit court considered the nine factors enumerated in subsection 5 of the rule and determined that defendant could be released only on money bail. However, he agreed to reduce the amount of the bail and require surety bond in the

amount of $205,000: $75,000 on the conspiracy count and $10,000 on each of the other counts.

The pretrial release rule, which became effective December 20, 1977, provides for review of a circuit court bail decision in this Court by motion. GCR 1963, 790.7(b). The standard of review under subsection 7(d) of the rule is abuse of judicial discretion. Under subsection 5 of the rule, a bail judge's exercise of discretion is guided by nine enumerated factors. In light of the standard of review set out in the rule and the several factors which must be considered by the bail judge, this Court is unable to perform its role on review of a bail decision without a transcript of the pretrial release hearing. Accordingly, a party seeking review of a bail decision pursuant to GCR 1963, 790.7(b) must file with this Court a certified copy of the transcript of the pretrial release hearing at the same time the motion for review is filed. Although not addressed in the rule, it is obvious that court reporters must give immediate priority to the preparation of bail decision transcripts.

In the present case, defendant contends that the circuit court abused its discretion under the rule by requiring excessive bail. Defendant does not contend that the trial court abused its discretion by requiring money bail, rather than releasing defendant on his own recognizance or on conditional release. Our own review of the record and the nine factors enumerated in subrule 790.5 satisfies us that the trial court did not abuse its discretion in requiring money bail.

On the other hand, we are not able to determine whether the trial court exercised proper judicial discretion in fixing the amount of the bail. It appears that the trial court considered the enumerated factors with reference to the type of

release to allow and stated the reasons for its decision on the record. However, the trial judge did not give particularized consideration to those factors with specific reference to the amount of the money bail to be required. We read rule 790 as requiring the bail court to consider the nine factors with reference both to the type of release to be employed and the amount of money bail, if that type of release is determined to be necessary to assure defendant's appearance. Subrule 790.5 provides, in pertinent part:

"In deciding which release to use and what *terms* and conditions to impose, the court shall consider available information on [the nine enumerated factors].

\* \* \*

"Unless the defendant is released on his own recognizance, the court must state *the reason for its decision on the record.*" (Emphasis added.)

In the absence of particularized consideration of the amount of money bail with specific reference to the nine factors enumerated in the rule and in the absence of reasons stated on the record for the decision to require a $205,000 bail in this case, we are unable to review the trial court's exercise of discretion in this regard. We remand the cause to the circuit court for reconsideration of the amount of bail.

In determining which form of release to use under the pretrial release rule and the amount of money bail to be required, the magistrate or arraigning judge should keep in mind that pretrial release of an accused is a matter of constitutional right and the state's favored policy under rule 790. Money bail is excessive if it is in an amount greater than reasonably necessary to adequately assure that the accused will appear when his

presence is required. *Stack v Boyle,* 342 US 1; 72 S Ct 1; 96 L Ed 3 (1951).

New rule 790 is silent on the question whether a judge may specifically consider the fact that the accused might be dangerous to society because of threats against witnesses or attempts to obstruct the prosecution. Since rule 790 is modeled on the Bail Reform Act of 1966, 18 USC 3146, and the ABA Standards Relating to Pretrial Release (Approved draft, 1968), we look to those sources for guidance. The Bail Reform Act is similarly silent on the point and Congress apparently deliberately intended to avoid the question of pretrial detention in the act. *United States v Wind,* 527 F2d 672, 674 (CA 6, 1975). However, Federal cases under the former Federal rule and the Bail Reform Act establish some useful principles. An accused's dangerousness to the community in general may not be considered in a pretrial release decision. See, for example, *United States v Bigelow,* 544 F2d 904 (CA 6, 1976), *United States v Leathers,* 134 US App DC 38; 412 F2d 169 (1969). However, if the accused has made threats against witnesses in the prosecution for which he is being held or otherwise indicates an intention to obstruct the prosecution and, in that sense, is a danger to the community, that factor may be considered in a pretrial release decision either under the Bail Reform Act of 1966 or as a matter of the court's inherent right to protect the integrity of the judicial process. See, for example, *United States v Wind, supra, United States v Gilbert,* 138 US App DC 59; 425 F2d 490 (1969). However, the pretrial release decision may not take into consideration allegations that the accused intimidated witnesses or attempted to obstruct justice on a previous occasion, not related to the prosecution for which he is being held, where

the accused was never prosecuted for the alleged intimidation or obstruction of justice. To do so would in effect be to deny bail on untried charges which ordinarily cannot be done.

Under the Standards Relating to Pretrial Release, threats to witnesses are not to be considered in the decision to release. However, they may be considered in imposing conditions on release. See ABA Standards, *supra,* Commentary, p 59, and Standard 5.5, p 65. Under GCR 1963, 790.5, similar conditions can be imposed. Under those guidelines, the circuit court in this case, in deciding what form of release to allow, properly declined to consider evidence that defendant allegedly solicited the testifying witness to kill a witness against defendant's brother in an unrelated transaction.

Finally, we conclude that a bail decision is not appealable as of right to this Court by claim of appeal. Rule 790.7(b) specifically provides that a bail decision is reviewable by motion. An appeal as of right was never available, nor is it now under GCR 1963, 790, to review an order on a bail decision. Such an order is an interlocutory order and has always been appealable on its own by application for leave. The prosecutor's motion to dismiss defendant's claim of appeal is granted.

This cause is remanded to the circuit court for reconsideration of the amount of money bail in light of the nine factors enumerated in subrule 790.5 and for a statement on the record of the court's reasons for his decision on the amount of bail. The court may make the determination from the present record or may conduct such further evidentiary hearing as he deems necessary. Proceedings on remand shall be conducted within seven days.