# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DALE ALLEN BETLEM a/k/a DALE ALLEN
BETLAM,

Defendant-Appellant.

UNPUBLISHED
August 13, 2015

No. 320690
Chippewa Circuit Court
LC No. 13-001221-FC

Before: SAWYER, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Following a bench trial, defendant was convicted of four counts of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(a) (victim under 13), and one count of providing obscene material to a minor, MCL 722.675. The trial court sentenced defendant, as a habitual offender second, MCL 769.10, to serve consecutive terms of imprisonment of 30 to 60 years for each CSC I conviction, and a concurrent term of two to three years for the obscenity conviction. Defendant appeals as of right. We remand to correct the judgment of sentence to reflect concurrent sentencing throughout, but otherwise affirm.

The complaining witness, defendant's daughter who was not quite eleven years old at the time of trial, detailed four instances where defendant forcibly imposed sexual intercourse upon her, plus one where he insisted that she watch some pornography. An expert in DNA testing matched a semen sample taken from the complainant's underwear to defendant's profile, and a nurse practitioner described finding the complainant with a vaginal condition that was unusual for girls of that age but that was best explained by sexual activity.

On appeal, appellate counsel argues that the trial court erred in denying defense motions for a mistrial and for recusal, and, alternatively, in imposing consecutive, as opposed to concurrent, sentences for the CSC I convictions. Defendant, in his Standard 4 brief, also alleges judicial bias, and additionally challenges the sufficiency of the evidence, alleges prosecutorial misconduct along with various violations of his due process rights, and asserts that he was convicted and sentenced without benefit of effective assistance of counsel.

We agree with appellate counsel's sentencing issue, and accordingly remand this case to the trial court for further proceedings. We otherwise find no merit to any of these claims of error and so affirm.

## I. CONSECUTIVE SENTENCING

This Court reviews a trial court's decision to impose consecutive sentences for an abuse of discretion. *People v St John*, 230 Mich App 644, 646; 585 NW2d 849 (1998). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Yost*, 278 Mich App 341, 379; 749 NW2d 753 (2008). However, to the extent the imposition of consecutive sentences involves the interpretation of a statute, the issue presents a question of law, calling for review de novo. *People v Gonzalez*, 256 Mich App 212, 229; 663 NW2d 499 (2003). Unpreserved issues, however, are reviewed for clear error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

In this case, defense counsel requested concurrent sentencing on general humanitarian grounds, but not on the purely statutory basis appellate counsel argues on appeal. This issue thus comes to this Court unpreserved. However, appellate counsel has identified plain error that affected defendant's substantial rights.

Concurrent sentencing is the norm. *People v Brown*, 220 Mich App 680, 682; 560 NW2d 80 (1996). Consecutive sentences may be imposed only when specifically authorized by statute. *Id*. at 681-682. A case in point is the statute setting forth the crime of first-degree criminal sexual conduct, which authorizes a sentencing court to "order a term of imprisonment . . . to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction." MCL 750.520b(3). For purposes of multiple convictions of CSC I, the term "arising from the same transaction" means that the sexual penetrations underlying the convictions must have taken place within "a continuous time sequence" under circumstances involving a more than incidental connective relationship. *People v Ryan*, 295 Mich App 388, 403; 819 NW2d 55 (2012). Accordingly, multiple penetrations stem from a continuous time sequence when one immediately follows another. *Id.*

In this case, we see no way to characterize the evidence of record as indicating any such temporal relationship between any two or more of the sexual penetrations underlying the four convictions here at issue. Further, on appeal the prosecution confesses error in this regard. For these reasons, we remand this case to the trial court with instructions to issue a judgment of sentence amended to specify that all of defendant's sentences are to run concurrently. See *People v Porter*, 495 Mich 990; 845 NW2d 107 (2014) (order in lieu of granting leave).

## II. JUDICIAL BIAS

Defense counsel requested a mistrial, and that the trial judge recuse herself, on the ground that the judge revealed bias when she spoke of preserving certain exhibits "for at least 45 days after the ending to allow for an appeal period to run," then said to defendant, "That's a little bit longer than the appeal period you actually have . . . , but just to be safe nothing is lost in the mail I always give it a little extra time. In case it becomes an issue for either side I just wanted to make sure nothing gets lost."

A criminal defendant is entitled to a neutral and detached magistrate. *People v Cheeks*, 216 Mich App 470, 480; 549 NW2d 584 (1996). "[A] trial judge is presumed to be impartial, and the party asserting partiality has the heavy burden of overcoming that presumption." *People*

*v Wade*, 283 Mich App 462, 470; 771 NW2d 447 (2009). A trial judge's decision on whether to grant a motion for recusal is reviewed for an abuse of discretion. *People v Upshaw*, 172 Mich App 386, 389; 431 NW2d 520 (1988). A judge's decision on a motion for a mistrial is also reviewed for an abuse of discretion. *People v Haywood*, 209 Mich App 217, 228; 530 NW2d 497 (1995).

The judge below responded to defense counsel's motions very conscientiously:
I think my history has shown that I've done it several times throughout jury trials, bench trials and any other types of hearings. I like to make sure that the defendants are well informed of what's going on, the timelines, and what's happening.

When I said that I was going to preserve for 45 days, I knew that counsel was aware that an appellate period didn't last that long, because someone will win and someone will lose and someone will probably appeal. That's how I look at every case. So every case adhere to the facts that there may be an appellate issue and an appellate review of it. Then I try to keep everything on the record for that particular reason.

I wanted to make sure that he wasn't confused with the timelines. . . . So I did gear it towards [defendant] to understand that a 45 day wasn't a normal appellate period that it would be less than that if he filed an appeal following the end of this trial.

I don't believe that it showed bias . . . . It was merely being informative in nature. . . .

Quite frankly, I've learned lots of new things yesterday. . . . I look forward to today's testimony to see what other new evidence we have . . . .

. . . I inform you, and [the prosecuting attorney], that I do not believe that I'm bias[ed] or prejudice[d] in any way. . . . And I would state that . . . , having done a deep soul searching I believe I can continue this trial in a fair manner.

We are satisfied that the judge well explained why her advice to defendant about an appeal period did not indicate that she had already adjudged him guilty. She explained that she was ever mindful that her decisions were subject to appeal, and that it was because she knew that the attorneys knew about such things as timing deadlines that she addressed defendant in particular. Appellate counsel challenges that explanation for neutrality on the ground that prosecutors may not appeal verdicts of acquittal, but we remain mindful that prosecutor's appeals are nonetheless not uncommon.

Moreover, appellate counsel's position suggests that the trial judge, at worst, falsely offered benign explanations for her comments in order to disguise actual bias or, at best, was misled by a tragic lack of self-awareness in the matter. We decline to interpret the judge's remarks so cynically.

-3-

For these reasons, appellate counsel has failed to show that the judge below abused her discretion in denying defense counsel's motions for a mistrial and to recuse herself.

Defendant, in his Standard 4 brief, asserts that the judge should be deemed to have been biased on the grounds that she had presided over other litigation involving him, made statements from the bench he challenges as inaccurate, and issued several rulings unfavorable to the defense. No objections relating to bias were raised at trial over such matters, however, and so our review is for plain error affecting substantial rights. *Carines*, 460 Mich at 763.

Defendant's trial judge also presided over his preliminary examination, which resulted in the determination that probable cause existed to bring defendant to trial. Defendant argues that that result itself indicates that the judge had found him guilty before trial. We disagree. The decision to bind a defendant over for trial does not require an actual finding of guilt. Instead, a criminal defendant is properly bound over for trial on the basis of mere probable cause, which exists "where the court finds a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious person to believe that the accused is guilty of the offense charged." *People v Orzame*, 224 Mich App 551, 558; 570 NW2d 118 (1997), citing MCL 766.13; MCR 6.110(E). In making that determination, the magistrate need not resolve evidentiary conflicts, but should bind the defendant over for trial even where the evidence is conflicting, or otherwise leaves a reasonable doubt with respect to the defendant's guilt. *People v Goecke*, 457 Mich 442, 469-470; 579 NW2d 868 (1998). See also *People v Selwa*, 214 Mich App 451, 457; 543 NW2d 321 (1995). Accordingly, the instant trial judge's earlier determination that probable cause existed to send this case to trial should not be deemed a pretrial determination that defendant was in fact guilty for purposes of criminal conviction.

Defendant also makes issue of his trial judge's role in connection with his separate trial for third-degree criminal sexual conduct (CSC III), as well as in other litigation respectively concerning his divorce and his parental rights. Concerning a separate trial for CSC III, pending before this Court, in Docket No. 324787, is defendant's claim of appeal from a November 13, 2014 jury-trial conviction of that crime, habitual offender second, which resulted in a sentence of 12 to 22 years' imprisonment. Review of the lower-court's register of actions in that case reveals the judge who presided over the instant trial was assigned to that other case early in its proceedings, but that another judge took over, at the defense's request, after only a few pretrial matters had been decided. Concerning divorce and parental rights, defendant does not provide sufficient particulars to enable us to verify the existence of any such pending litigation.

Regardless, defendant cites no authority for the proposition that a judge is disqualified from presiding over a criminal matter where that judge has also been assigned to preside over other civil or criminal litigation involving the same defendant. To the contrary, "Merely proving that a judge was involved in a prior trial or other proceeding against the same defendant does not amount to proof of bias for purposes of disqualification." *Upshaw*, 172 Mich App at 388,. Instead, disqualification for that reason is appropriate only where "there are special circumstances which increase the risk of unfairness," such as where the adjudicator "had personally conducted the initial investigation, amassed evidence, and filed and prosecuted the charges." *Id*. at 389. Defendant provides no basis for concluding that his trial judge, in any other litigation before reaching her verdict in the instant case, took on the role of investigator or prosecutor in any other litigation involving defendant.

Defendant cites several unfavorable rulings as evidence of his judge's bias against him. However, "Judicial rulings, as well as a judge's opinions formed during the trial process, are not themselves valid grounds for alleging bias unless there is a deep-seated favoritism or antagonism such that the exercise of fair judgment is impossible." *People v Jackson*, 292 Mich App 583, 598; 808 NW2d 541 (2011) (internal quotation marks and citation omitted). The record in this case indicates that the rulings of which defendant makes issue were routine in nature and outcome, with nothing about them illustrating such favoritism or antagonism.

Defendant complains that his trial judge insisted over his objections that the evidence indicated that he had impregnated his wife, and also the mother of two other of his children, while they were 15 years old. In fact, the latter testified that she was 16 years old when her eldest child with defendant was born. Given that human gestation is commonly understood to be approximately nine months, that account could reasonably lead a fact-finder to suppose that this witness was in her fifteenth year at the beginning of that pregnancy. In any event, considering that this witness also testified that her sexual relationship with defendant was underway by the time she was 13 years old, even if closer attention to actual birthdates, and perhaps resort to medical records, would have suggested that that pregnancy actually began after that witness's sixteenth birthday, the trial court's statement that she was 15 was nonetheless close to the mark, with any error in fact being of no great significance. Similarly, defendant's wife dated her sexual relationship with defendant to her thirteenth year, and testified that she was 24 years old at the time of trial, and that her eldest child with defendant was seven. The difference in ages suggests that she was likely 17 years old when that child was born, which in turn suggests that she was likely 16 years old when she became pregnant. The trial court's statement that defendant impregnated her during their second, instead of third or fourth, year of sexual intimacy was at worst a minor mischaracterization of the facts. We do not consider any of the court's minor deviations from what more meticulous date calculations would have indicated to be evidence of judicial bias.

For these reasons, defendant joins appellate counsel in failing to show that defendant was denied a fair trial on grounds of judicial bias.

### III. PROSECUTORIAL MISCONDUCT

Defendant argues that the prosecuting attorney engaged in misconduct by offering false statements of fact to the court. However defendant provides no record citations to show whether or how any objections to the alleged misconduct were raised at trial. "Review of alleged prosecutorial misconduct is precluded unless the defendant timely and specifically objects, except when an objection could not have cured the error, or a failure to review the issue would result in a miscarriage of justice." *People v Unger*, 278 Mich App 210, 234-235; 749 NW2d 272 (2008) (internal quotation marks and citation omitted).

Defendant asserts that the prosecuting attorney committed "perjury" for having stated that "all the evidence" had been introduced, even though only part of a police report was made available to the defense. Defendant misapprehends the proper use of the word "perjury," which is "the willful assertion as to a matter of fact, opinion, belief, or knowledge, made by a witness in a judicial proceeding as part of his evidence, either *upon oath or in any form* allowed by law to be *substituted for an oath* . . . ." *Black's Law Dictionary* (6th ed, 1990), p 1139 (emphasis

added).  What defendant is actually alleging, of course, is that the prosecuting attorney offered false statements to the trial court.  Regardless, defendant provides no record citation to enable us to verify that any such statement was uttered, and no police report—in whole or in part—was admitted into evidence.  This argument brings no impropriety to light.

Defendant also suggests that the prosecuting attorney improperly elicited false testimony.  See MRPC 3.4(b).  However, conflicting testimony, or other instances where the evidence points in contrary directions, does not itself necessarily mean that perjury has taken place.  "A finding of prosecutorial misconduct may not be based on a prosecutor's good-faith effort to admit evidence."  *People v Abraham*, 256 Mich App 265, 278; 662 NW2d 836 (2003).  Defendant again fails to bring any impropriety to light.

## IV.  MISCELLANEOUS DUE PROCESS ISSUES

Defendant offers several arguments in his Standard 4 brief under the rubric of general due process.  Constitutional issues are reviewed de novo.  *People v Conat*, 238 Mich App 134, 144; 605 NW2d 49 (1999).  But a trial court's general conduct of trial is reviewed for an abuse of discretion.  See *People v Ramano*, 181 Mich App 204, 220; 448 NW2d 795 (1989); *People v Collier*, 168 Mich App 687, 698; 425 NW2d 118 (1988).  This includes a trial court's evidentiary decisions.  *People v Martzke*, 251 Mich App 282, 286; 651 NW2d 490 (2002).  Again, unpreserved issues are reviewed for plain error affecting substantial rights.  *Carines*, 460 Mich 763.

Defendant first asserts that he was denied the opportunity to post bail while trial was pending.  However, issues relating to a criminal defendant's pretrial release do not bear on the validity of any eventual convictions or sentences, and so "a bail decision is not appealable as of right to this Court by claim of appeal."  *People v Edmond*, 81 Mich App 743, 749; 266 NW2d 640 (1978).

Defendant's arguments involving alleged irregularities in the timing or conduct of his preliminary examination are likewise not subject to collateral attack in this appeal of right following conviction and sentencing.  See *People v Hall*, 435 Mich 599, 615; 460 NW2d 520 (1990) ("the availability of an interlocutory appeal affords protection in those cases where an innocent accused should have been screened out by the preliminary examination process"); *People v Crawford*, 429 Mich 151, 161-162; 414 NW2d 360 (1987) (issues regarding the timeliness of a preliminary examination "must be raised, if at all, no later than immediately before the commencement of the preliminary examination," and a party aggrieved by the resulting decision may "before the trial either file a timely application for leave to appeal with the circuit court or, within twenty days after the filing of the information in the circuit court, file a motion to dismiss in the circuit court," then, where the latter denies relief, may apply for leave to appeal in the Court of Appeal, then, if still denied relief, in the Supreme Court); *People v Hagar*, 73 Mich App 536, 539-540; 252 NW2d 484 (1977) ("Errors relating to irregularities occurring at a preliminary examination may not be raised for the first time on appeal.").

Defendant asserts that he was denied his right to confront the expert on DNA evidence, on the grounds that she testified by electronic means from a remote location, and also that she consulted notes that were never placed in evidence or examined by the defense.  However, the

defense neither objected to the means of presenting that witness, nor expressed any desire to see that witness's notes.  See MRE 612.  Further, the transcript shows that the direct and cross-examination of that witness proceeded normally.  No violation of due process occurred.

Defendant next asserts that he was denied his right to discovery, but his record citations show only that the trial court denied a pretrial motion to suppress discoverable materials not yet disclosed, on the grounds that some delays were not the prosecution's responsibility and that discovery was still in progress.  Defendant fails to show what, if any, discoverable materials were never provided at all, nor does he explain how the defense was disadvantaged by any such lack of these materials.  Because defendant fails to show that there was in fact any denial of discovery, or how more complete discovery would have improved his position, and because defendant specifies no decision of the trial court in the matter he alleges was erroneous, defendant with this argument fails to offer a basis for appellate relief.  See *People v Mackle*, 241 Mich App 583, 604 n 4; 617 NW2d 339 (2000) ("A party may not merely state a position and then leave it to this Court to discover and rationalize the basis for the claim.").

Defendant complains that a police officer testified that some person not otherwise involved in the case had possession of defendant's laptop computer and gave reasons for deleting some pornography he found therein, thus implying that he was unfairly subjected to hearsay evidence.[1]  No such objection was put forward at trial, however, and defense counsel in fact elicited that the declarant had said nothing to the effect that the pornography he found depicted anyone involved in this case.  The lack of an objection at trial left the prosecuting attorney with no reason to try to fit the testimony in question into any of the exceptions to the general hearsay prohibition[2] and the trial court without occasion to rule on the issue.  It was not plain error for the trial court to accept this testimony without sua sponte raising hearsay concerns.  See *Carines*, 460 Mich at 763.

Defendant argues that his friend's account of talking to defendant while the latter was traveling with his children and expressing concerns about the allegations against him was not relevant to any issue at trial.  See MRE 402 ("Evidence which is not relevant is not admissible.").  However, there was no such objection at trial, and the trial court noted the limited relevance of that testimony while delivering its verdict.  Defendant again fails to bring any impropriety to light.

Defendant asserts that the police engaged in misconduct in the course of arresting him, and in searching a third-party's home, which resulted in the seizure of some evidence in violation of his Fourth Amendment rights.  However, there was no attendant suppression motion below, and we decline to entertain the issue in this posttrial claim of appeal.  See *People v Kennedy*, 22

---

[1] See MRE 801-802.

[2] See MRE 803-805.

Mich App 524, 527; 177 NW2d 669 (1970) ("Defendant did not move for its suppression before or during trial and consequently cannot now complain of an illegal search and seizure.").[3]

Defendant complains generally that he "made two motions that never got heard," specifying August 1, 2013, and January 17, 2014, but he says nothing about how he was disadvantaged by any failure of the trial court to respond to them. Further, the lower-court's register of actions lists no motions filed on or near either date. The parties offered their closing arguments, and the trial court rendered its verdict, on the January date, but the transcript indicates no motion practice. Defendant has thus failed to present an issue for this Court's consideration. See *People v Jones (On Rehearing)*, 201 Mich App 449, 456-457; 506 NW2d 542 (1993) ("Because defendant has failed to argue the merits of this allegation of error, this issue is not properly presented for review.").

Defendant complains of a witness who was subpoenaed but did not appear, but we are unable to determine from the argument in his Standard 4 brief how defendant alleges that this missing witness caused him any prejudice, beyond scattered protestations concerning credibility. Nor does defendant assert that the prosecution bore responsibility for the nonappearance of that witness, or cite authority to show that any impropriety took place. "A party may not merely state a position and then leave it to this Court to discover and rationalize the basis for the claim," nor may a party "leave it to this Court to search for authority to sustain or reject its position." *Mackle*, 241 Mich App at 604 n 4 (internal quotation marks and citation omitted). Similar deficiencies of presentation defeat defendant's passing argument concerning "prior statement" of persons to whom the complainant had spoken.

## V. ASSISTANCE OF COUNSEL

Defendant asserts that he was convicted and sentenced without benefit of the effective assistance of counsel. Defendant did not move the trial court for a new trial on grounds of ineffective assistance, or an evidentiary hearing to develop the issue, and so our review is limited to mistakes apparent on the record. See *People Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

"To prevail on a claim of ineffective assistance of counsel, defendant must show that (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different, and (3) the resultant proceedings were fundamentally unfair or unreliable." *People v Brown*, 294 Mich App 377, 387-388; 811 NW2d 531 (2011).

---

[3] Further, defendant lacks standing to challenge police procedure in connection with a third party. See *People v Wood*, 447 Mich 80, 89; 523 NW2d 477 (1994) ("a defendant cannot assert a claim for suppression on the basis of unlawful invasion of the person or property of a third party").

Defendant first suggests that defense counsel violated the duty to advise a client on any proposed plea bargain, see MRPC 1.4, on the ground that he was not presented with an opportunity to consider a plea bargain until minutes before trial. But the only indication in the record that any such bargain was considered was defense counsel's talk of her and the prosecuting attorney's unwritten proposal that defendant consider pleading guilty to two charges that would reduce his mandatory minimum sentence from 25 to 15 years, and defendant's confirmation that he did not wish to make any such deal. Defendant's anecdotal telling of a conversation that took place just before trial does not suggest that defense counsel improperly delayed communicating any such opportunity, or that more time to consider such a thing would have caused defendant any equivocation over what the transcript shows was a plain rejection of any such offer.

Defendant again makes issue of defense counsel's not having objected to the testimony of the DNA specialist, or to her use of notes. Because we concluded in Part IV, *supra,* that both the witness's appearance, and her use of notes, were proper, we conclude here that the lack of objections in the matter constituted no deficiency on defense counsel's performance. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) (declining to advance a meritless position may not be deemed ineffective assistance of counsel).

Defendant complains that the trial court did not cooperate with his desire to dismiss defense counsel just as the trial was to begin, but that concern itself does not bear on the question of defense counsel's performance. Further, defendant fails to detail his differences with counsel sufficiently to show that counsel acted outside an attorney's wide discretion in deciding what theories to pursue. See *People v Caballero*, 184 Mich App 636, 640, 642; 459 NW2d 80 (1990); *People v Julian*, 171 Mich App 153, 158-159; 429 NW2d 615 (1988).

Defendant again makes issue of motions he says were put forward on "August 1 and January 17." As discussed in Part IV, *supra*, when arguing general due process defendant suggested that the trial court erred in failing to act on two such motions, but here he attributes the inaction to defense counsel. Defendant again leaves this Court to guess at the substance behind his proposed motion of January 17, and now implies only that his advocacy on August 1 was an attempt to persuade defense counsel to move the trial court for a dismissal on the ground that his right to a speedy trial was violated. However, defendant neither sets forth facts concerning the timing of events in connection with this prosecution, nor attempts to apply any of the applicable authorities[4] to his situation. This cursory argument brings to light no missed opportunity on defense counsel's part.

Defendant asserts that defense counsel was ineffective for declining to ask the trial judge to recuse herself on the grounds that she presided over other litigation involving defendant. As discussed in Part II, *supra*, however, that a judge has presided over other matters involving a criminal defendant is not grounds for recusal but for unusual circumstances not present in this case. See *Ericksen*, 288 Mich App at 201.

---

[4] See US Const, Am VI; Const 1963, art 1, § 20; MCL 768.1; MCR 6.004(A); *People v Williams*, 475 Mich 245, 261-262; 716 NW2d 208 (2006).

Defendant again alleges that there were some irregularities in the conduct of his preliminary examination, but fails to explain how any such irregularity affected the outcome of his trial, or rendered the trial proceedings fundamentally unfair or unreliable. See *Brown*, 294 Mich App at 387-388.

Defendant complains of defense counsel's not having objected to certain police testimony concerning his laptop computer, and asserts that counsel did not pursue related discovery with due vigor, with the result that an "altered interview" was used at trial with no opportunity to "see the changes." However, defendant fails to offer any basis for presuming that the police officer in question personally prevented discovery of the laptop, or to suggest how better discovery in that regard would have helped the defense. Nor does defendant provide sufficient information to allow this Court to identify the interview of which he makes issue, let alone to compare the putative original and altered versions. Again, defendant's cursory argument fails to show any deficiency in defense counsel's performance. Further, as discussed in Part IV, *supra*, defense counsel did move the trial court to suppress any evidence that the prosecution had failed to disclose, which the court reserved ruling on as the discovery process continued to play itself out, and defendant provides no reason to suppose that counsel entirely abandoned that position in the face of any continued discovery problems.

Defendant next complains that defense counsel did not object when the prosecuting attorney stated at sentencing that defendant put his only daughter through the ordeal of trial. Concerning the alternative to going to trial, again, defendant placed on the record his flat refusal to consider a plea bargain informally offered, and his account of a conversation that took place just before trial suggests neither that defense counsel delayed communicating the offer, nor that any other timing would have resulted in other than his unequivocal rejection of the offer. Concerning defendant's having daughters other than the complainant, it is difficult to see how any misapprehension of that marginal fact had any bearing on defendant's convictions or sentences. Further, defendant himself spoke up at sentencing and corrected the trial court's misunderstanding. Defendant again fails to show any deficiency in defense counsel's performance.

Defendant's last particular for this issue is defense counsel's not having objected when the trial court, while delivering its verdict, stated that defendant had impregnated two women when they were 15 years old. We concluded in Part II, *supra*, that the trial court's minor deviations from what more meticulous date calculations would have indicated was of no consequence and so conclude here that the defense had nothing to gain by quibbling over whether those women were 15, as opposed to only slightly older than that, when they became pregnant.

Defendant finishes his argument for this issue with the general assertion that defense counsel was "aware of a lot of legal issues but did not act on them all or pursue them farther instead left them to my appeal attorney to figure out and take care of . . . ." Defendant does not specify those other legal issues, except to refer to a letter from counsel. No such letter, however, was part of the original record, and thus is not properly before this Court. See MCR 7.210(A). Defendant accordingly fails with this general assertion to bring any deficiency in defense counsel's performance to light.

## VI. MCL 768.27a

Finally, in a supplemental brief filed by his new counsel, defendant argues that the trial court improperly admitted evidence under MCL 768.27a of defendant's past sexual conduct with four underage girls. Defendant concedes in his argument that "trial counsel made no objection even though he had a strong argument to exclude it." Not only are we not convinced that such an argument exists, defendant, having conceded the lack of a proper objection, fails to provide any analysis under either plain error or ineffective assistance of counsel. And we decline to provide analysis ourselves. See *Mackle*, 241 Mich App at 604 n 4.

## VII. CONCLUSION

For the reasons stated, we join the prosecution in accepting appellate counsel's contention that the trial court erred in imposing several consecutive sentences, but reject all of appellate counsel's and defendant's other claims of error. We therefore remand this case to the trial court with instructions to prepare an amended judgment of sentence calling for concurrent sentencing throughout, and to transmit the appropriate attendant paperwork to the Department of Corrections.

Affirmed in part and remanded for an amended judgment of sentence. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro