CONSUMERS POWER CO. *v.* IOSCO CIRCUIT JUDGE.

1. JUDGES—MANDAMUS—VENUE—CALLING IN ANOTHER JUDGE.
    There is no authority in the statute (3 Comp. Laws 1915,
        § 12342) for a litigant by mandamus to compel the pre-
        siding judge, who refuses to consider himself disqualified,
        to call in another judge to hear the case.

2. SAME—TRANSFER TO ANOTHER CIRCUIT.
    Where the presiding judge refuses to admit his disqualifi-
        cation to sit in a case, and refuses to call in another
        judge, litigant's remedy is to apply for a transfer to some
        judge in an adjoining county, under 3 Comp. Laws 1915,
        § 12343.

Mandamus and prohibition by the Consumers Power Company to compel Albert Widdis, circuit judge of Iosco county, to call another judge to try causes of action against plaintiff, and to prohibit defendant from trying the same. Submitted April 27, 1920. (Calendar Nos. 29,083-29,085.) Writs denied June 7, 1920.

*Bernard J. Onen* (*George W. Mechem*, of counsel), for plaintiff.

*Coumans & Gaffney*, for defendant.

BIRD, J. This is an application for writs of mandamus and prohibition to compel defendant to call in another judge to hear certain cases pending in the Iosco circuit court, and to prohibit defendant from sitting in them. The petition shows that on or about August 13, 1919, there were three cases pending in the Iosco circuit court against plaintiff. The plaintiffs in those cases were John H. Kilmaster, Jennie Dameraux, by guardian, and Frank and Martha Merkle. On August 28th plaintiff filed a motion to dismiss in each case. While these motions were pending,

and on September 12th, plaintiff petitioned the defendant to call in another judge to hear said causes, for the reason that he, defendant, was disqualified to sit therein on account of certain statements which he had made and which were published in the "Gleaner," a farm journal circulating in the State, reflecting upon the personnel of the plaintiff corporation and also upon the business methods employed by it. Defendant did not regard himself as disqualified for the reasons advanced, and accordingly denied the prayer of the petition. The important section of the statute which is involved in this controversy is the following:

"SEC. 3. Whenever any civil suit or proceeding shall be pending in any circuit court in this State, either on the law or equity side of said court, in which the judge of said court shall be interested as a party, or as a member of any corporation which is a party to said suit, or has heretofore been consulted or employed as counsel in the subject-matter to be litigated in said suit, or in which for any other reason he would be excluded from sitting as judge at the trial thereof the same may be transferred to some other circuit court in the manner hereinafter provided, *or the judge of the circuit court in which such suit is pending may call in any other judge not disqualified to sit in such cause.*" 3 Comp. Laws 1915, § 12342.

The real controversy centers around the construction which should be given to the last lines of the section which appear in italics. Plaintiff contends that defendant, under the showing made, abused his discretion in refusing to call in another judge. The defendant contends that it is a matter entirely within the discretion of defendant, and further that plaintiff has an adequate remedy at law, therefore, under the rule, neither mandamus nor prohibition will be entertained.

Assuming, for the purpose of the argument that defendant is disqualified to sit in the cases, it follows then that plaintiff's remedy is to apply for a transfer

to some judge in an adjoining county. 3 Comp. Laws 1915, § 12343. The quoted section, and the ones following, point out with much detail how transfer of causes may be accomplished. Counsel has made no application under these sections, but attempts to obtain a transfer, or the equivalent of one, by compelling the presiding judge to call in another judge. There is no authority in the statute for this procedure. The statute referred to undertakes to, and does, furnish a method by which litigants may, upon their own initiative, apply for and obtain a transfer of their causes when the presiding judge is disqualified to sit. In addition to this the statute also furnishes a method whereby the presiding judge may, upon his own initiative, call in another judge when he considers himself disqualified; but this provision was never intended to furnish a short cut to litigants to force the transfer of a cause, or to force a hearing before another judge. As the record now stands, the provision authorizing the circuit judge to call in another judge has no applicability. It is only when the presiding judge admits his disqualification, or when it has been judicially determined, that this provision is applicable. There is no occasion at the present time to call in another judge because the presiding judge insists that he is not disqualified. It follows then that the question as to whether he is, or is not, disqualified, must be judicially determined. This can, and should, be done under the statute provided for that purpose

It clearly appearing that plaintiff has a remedy at law, both writs will be denied. Defendant will recover his costs in this court.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, and CLARK, JJ., concurred. SHARPE, J., did not sit.