POWERS v. SECRETARY OF STATE.

1. MANDAMUS—OFFICERS—QUESTION OF FACT.

Mandamus is not a writ of right but of grace and discretion and will not lie to compel a public officer to perform a duty dependent upon disputed and doubtful facts.

2. SAME—SECRETARY OF STATE—AUTOMOBILES—DEALER'S LICENSE—HEARING.

Mandamus will not lie to compel the secretary of State to issue a motor vehicle dealer's license where plaintiff is permitted to continue his business pending the holding of statutory hearing before defendant relative to refusal to issue such license (1 Comp. Laws 1929, § 4671, as amended by Act No. 151, Pub. Acts 1943).

3. SAME—CONSTITUTIONAL LAW—QUESTIONS REVIEWABLE.

The Supreme Court does not pass upon constitutional questions raised by applicant for mandamus to compel the secretary of State to issue a motor vehicle dealer's license where mandamus is denied without prejudice and a statutory administrative hearing is pending (1 Comp. Laws 1929, § 4671, as amended by Act No. 151, Pub. Acts 1943).

4. COSTS—MANDAMUS—AUTOMOBILES—DEALER'S LICENSE.

No costs are allowed upon denial of mandamus to compel the secretary of State to issue a motor vehicle dealer's license where dealer is permitted to continue business until holding of statutory hearing upon issuance of such license (1 Comp. Laws 1929, § 4671, as amended by Act No. 151, Pub. Acts 1943).

Petition by James Powers, doing business as Powers Pontiac Sales Company, for writ of mandamus to require Herman H. Dignan, secretary of

State, to issue a license as an automobile dealer. Submitted July 25, 1944. (Calendar No. 42,738.) Writ denied without prejudice October 11, 1944.

*Iverson & Allin,* for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *T. Carl Holbrook,* Assistants Attorney General, for the defendant.

BUSHNELL, J.    Plaintiff James Powers, doing business as Powers Pontiac Sales Company, seeks a writ of mandamus directing defendant Herman H. Dignan, secretary of State, to forthwith issue a motor vehicle dealer's license as provided for in Act No. 46, Pub. Acts 1921, as amended, 1 Comp. Laws 1929, §§ 4658–4676 (Comp. Laws Supp. 1940, 1943, §§ 4658–4676, Stat. Ann. and Stat. Ann. 1943 Cum. Supp. §§ 9.1471–9.1491).

An order to show cause was issued and the secretary of State filed an answer and return in which he claims that Powers, as president of Powers Motor Sales, Inc., a Michigan corporation, has been "guilty of such fraudulent misconduct as a motor vehicle dealer as would, under the terms of the statute, bar him from receiving such a license." The allegations of fraud are that, while Powers was president of this corporation, he conducted its affairs in such a manner that it is still indebted to the State for sales taxes, and that the records of the corporation were kept so as to conceal such indebtedness in the amount of several thousand dollars, and the corporation, under Powers' direction, unfairly competed with others in the same line of business.

Defendant's return states that he "quite inadvertently and inadvisedly failed strictly to comply" with the provisions of section 14 of the act in question (1 Comp. Laws 1929, § 4671, as amended by Act No. 151, Pub. Acts 1943 [Comp. Laws Supp. 1943; § 4671, Stat. Ann. 1943 Cum. Supp. § 9.1482]), which reads in part as follows:

"The secretary of State shall be authorized, after a hearing, notice of which shall be given 10 days in advance, for good cause shown, to revoke the license of any motor vehicle dealer, or to refuse to issue a license, as provided in section 14f of this act."

He claims, however, that the matter is still open to lawful inquiry, and avers that he is "now ready and willing to accord plaintiff all of the rights guaranteed by the statute aforesaid, to prepare and serve upon him written charges of misconduct, to give due and timely notice of hearing, and to have present a competent stenographer in order that a complete record may be made available for judicial review in this or other appropriate proceedings."

Defendant further submits:

"(1) that neither justice nor the public interests would be served by the issuance of a peremptory writ of mandamus, at this time, requiring the secretary of State forthwith to grant to plaintiff the license demanded;

"(2) that, although plaintiff was inadvertently denied due process, and has not yet been accorded a proper hearing, he nevertheless, because of his acts of misconduct, does not stand in this court with clean hands, and he is not entitled to the issuance of the discretionary writ of mandamus;

"(3) that both justice and the public interests require, before the license be granted, or a writ of mandamus shall issue, that a proper and regular

hearing on such charges be held by this defendant to determine the truth thereof;

"(4) that both justice and the public interests would be served, and the rights of all parties protected, if this court should now order that the writ of mandamus be denied without prejudice; or if, holding matters in abeyance under the restraining order, the court should order this defendant to take the necessary and appropriate steps towards a hearing of the charges against the plaintiff, and await the outcome thereof until a transcript of the record of such hearing is made available for review."

Plaintiff insists that notwithstanding such answer and return he is entitled to a writ of mandamus as prayed and further contends that the act in question is unconstitutional because it violates the United States Constitution, Am. 14, § 1, and the Michigan Constitution (1908), art. 4, § 2, and art. 5, § 21.

Powers' petition for a writ of mandamus must be denied without prejudice, pending a formal administrative hearing on the charges of fraud, because mandamus is not a writ of right but of grace and discretion, and will not lie to compel a public officer to perform a duty dependent upon disputed and doubtful facts. *Salisbury* v. *City of Detroit,* 264 Mich. 250. See, also, *Sherman* v. *Atwood,* 274 Mich. 621, and *St. Joseph Stockyards Co.* v. *United States,* 298 U. S. 38 (56 S. C. 720, 80 L. Ed. 1033).

Because of denial of the writ of mandamus and the pendency of an administrative hearing, we do not pass upon the constitutional questions at this time.

Pending the outcome of the statutory hearing before the secretary of State, the *status quo* is being maintained under an order of this court so that the conduct of Powers' business is not being interrupted.

Plaintiff's petition for a writ of mandamus is denied, but without costs, and without prejudice.

North, C. J., and Starr, Wiest, Butzel, Sharpe, Boyles, and Reid, JJ. concurred.