AUTO WORKERS FLINT FEDERAL CREDIT UNION v. KOGLER

ALLEN v. WHITNEY

JUDGES—DISQUALIFICATION—PREJUDICE—PAST EVENTS.

> A judge shall be disqualified from hearing cases in which a particular law firm is counsel where the law firm's affidavits in support of the motion for disqualification establish prejudice on the part of the judge, even though the events showing prejudice occurred before the judge's election to office, and where the law firm has recently filed a grievance with the State Bar against the judge (GCR 1963, 405).

Appeal from Genesee, Philip C. Elliott, J.   Submitted Division 2 December 9, 1970, at Lansing. (Docket Nos. 8968, 9180.)   Decided March 31, 1971.

Auto Workers Flint Federal Credit Union and Ernest Allen, plaintiffs in separate actions in Genesee Circuit Court, moved to disqualify Donald R. Freeman, Circuit Judge, from presiding because of prejudice against plaintiff's counsel.   Motion denied. Plaintiffs appeal by leave granted.   Appeals consolidated.   Reversed as to both.

*Leitson, Dean, Dean, Segar & Hart, P. C.,* for plaintiffs.

REFERENCE FOR POINTS IN HEADNOTE

46 Am Jur 2d, Judges § 172.
Disqualification of judge for bias against counsel for litigant.
23 ALR3d 1416.

Before: R. B. Burns, P. J., and T. M. Burns and Andrews,* JJ.

Per Curiam.  Both of these appeals arise from orders denying plaintiffs' motions to disqualify a Genesee Circuit Judge from presiding over the instant cases.  Leave to appeal from both orders was granted by this Court, the two causes being consolidated on appeal since the same questions are raised in each case.

In both of the instant cases, plaintiffs were represented by the law firm of Leitson, Dean, Dean, Segar & Hart, P. C.  In each case a motion to disqualify the assigned judge was made, said motions being supported by affidavits alleging prejudice by the judge toward members of the law firm.

The brief submitted by the law firm states that subsequent to the judge's election as a circuit judge, the members of that law firm have moved to disqualify him in every case in which they were counsel of record.  Since that time, one hundred such motions have been filed and most have been granted by other judges of the Genesee County Circuit Court.  This time, however, the trial court denied disqualification stating:

"Considering among other things the following:

* * *

"(2) The affidavits are taken as true, but relate entirely to old and best forgotten events;

"(3) Testimony proposed in paragraphs E and F of Plaintiff's 'Supplement to Motion to Disqualify Judge' should not be permitted."

The trial court was of the opinion that since most of the events upon which plaintiffs rely for disqualification occurred before the judge's election to the

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

circuit court, that it would be best to forget them for purposes of trying cases on the circuit court bench.

This Court is convinced, however, that plaintiffs' affidavits sufficiently establish conduct on the part of the judge to support a motion for disqualification. In addition, there is now an outstanding grievance before the State Bar against him, the grievance having been filed by one of the members of the law firm. It is our opinion that the conduct in the past, along with the grievance which has been filed, is sufficient to support a motion for disqualification.

GCR 1963, 405 provides in part:

"The judge shall be deemed disqualified to hear the action when the judge:

\*   \*   \*

"(3) Is personally biased or prejudiced for or against any party or attorney."

Since it is our opinion that the acts complained of demonstrate a prejudice and hostility toward members of the law firm, he should be disqualified from hearing any cases in which the firm is counsel.

It is, therefore, the order of this Court that the trial court be reversed and that Judge Freeman be permanently disqualified from hearing any cases in which the law firm of Leitson, Dean, Dean, Segar & Hart, P. C., are counsel.