CLEMENS v BRUCE

Docket No. 58486. Submitted October 7, 1982, at Grand Rapids.—
Decided December 8, 1982.

Donald and Patricia L. Clemens brought an action in the Ne-
waygo Circuit Court against Pauline Bruce and Catherine Poe
for rescission of a land contract on the grounds of misrepresen-
tation and the inability to convey clear title. Defendants coun-
terclaimed for foreclosure. Plaintiffs moved to disqualify the
judge on the ground of personal bias against their attorney,
who had filed a complaint against the judge with the Judicial
Tenure Commission as a result of a dispute over the appoint-
ment of counsel for indigent criminal defendants. The com-
plaint was pending at the time of trial. Tyrone Gillespie, J.,
was appointed to hear the motion to disqualify and denied the
motion. The claim for rescission for misrepresentation was
dismissed and the court, Terrence R. Thomas, J., found for
defendants and ordered that a judgment of foreclosure would
enter unless plaintiffs pay defendants $4,000 in overdue pay-
ments within 90 days. Plaintiffs appealed both the order deny-
ing the motion to disqualify and the judgment for defendants
for foreclosure. *Held:*

A judge should be disqualified upon challenge without a
showing of actual bias in situations where experience teaches
that the probability of actual bias on the part of the judge is
too high to be tolerable, *viz.,* where the judge: 1) has a pecuni-
ary interest in the outcome; 2) has been the target of personal
abuse or criticism from the party before him; 3) is enmeshed in

REFERENCES FOR POINTS IN HEADNOTE

46 Am Jur 2d, Judges §§ 86, 97, 98, 179 *et seq.*

Prior representation or activity as prosecuting attorney as disquali-
fying judge from sitting or acting in criminal case. 16 ALR4th
550.

Disqualification of judge for having decided different case against
litigant. 21 ALR3d 1369.

Prior representation or activity as attorney or counsel as disqualify-
ing judge. 72 ALR2d 443.

Interest of judge in an official or representative capacity, or rela-
tionship of judge to one who is a party in an official or represen-
tative capacity, as disqualification. 10 ALR2d 1307.

other matters involving petitioner; or 4) might have prejudged the case because of prior participation as an accuser, investigator, factfinder, or initial decisionmaker. The circumstances fall within factors two and three of the test.

Reversed and remanded for further proceedings before a different judge.

JUDGES — DISQUALIFICATION OF JUDGES.

A judge should be disqualified upon challenge without a showing of actual bias in situations where experience teaches that the probability of actual bias on the part of the judge is too high to be tolerable, *viz.,* where the judge: 1) has a pecuniary interest in the outcome; 2) has been the target of personal abuse or criticism from the party before him; 3) is enmeshed in other matters involving petitioner; or 4) might have prejudged the case because of prior participation as an accuser, investigator, factfinder, or initial decisionmaker.

*Paul B. Newman,* for plaintiffs.

*Murphy & Caris* (by *Theodore A. Caris),* for defendant Bruce.

Before: R. B. BURNS, P.J., and MACKENZIE and T. L. BROWN,* JJ.

PER CURIAM. Plaintiffs brought this action to obtain rescission of a land contract on grounds of misrepresentation and inability of defendant vendors to convey clear title. Defendants counterclaimed for foreclosure. In the course of a nonjury trial, plaintiffs' claim for rescission for misrepresentation was dismissed. Plaintiffs' claim for rescission for defendants' inability to convey clear title was held in abeyance and defendants were ordered to cure any defect in their title. The court found for defendants on the counterclaim and ordered that a judgment of forfeiture would enter unless plaintiffs paid defendants $4,000 in overdue

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

payments within 90 days. Plaintiffs appeal by right.

Prior to trial, plaintiffs claimed that the judge was personally biased and prejudiced against their attorney and moved to disqualify the judge pursuant to GCR 1963, 912.2(2). After an evidentiary hearing, the motion was denied by a visiting judge who had been assigned by the state court administrator to hear it. Ordinarily, actual personal prejudice must be shown before disqualification is mandated. See, for example, *Adams v Adams,* 100 Mich App 1, 16; 298 NW2d 871 (1980). However, in *Crampton v Dep't of State,* 395 Mich 347, 351; 235 NW2d 352 (1975), the Court said:

"A hearing before an unbiased and impartial decisionmaker is a basic requirement of due process.

"The United States Supreme Court has disqualified judges and decisionmakers without a showing of actual bias in situations where 'experience teaches that the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable'. Among the situations identified by the Court as presenting that risk are where the judge or decisionmaker

"(1) has a pecuniary interest in the outcome;

"(2) 'has been the target of personal abuse or criticism from the party before him';

"(3) is 'enmeshed in [other] matters involving petitioner * * *'; or

"(4) might have prejudged the case because of prior participation as an accuser, investigator, factfinder or initial decisionmaker." (Footnotes omitted.)

Here the record reveals a serious dispute between plaintiffs' attorney and the trial judge over appointment of counsel for indigent criminal defendants. The dispute led plaintiffs' attorney to file a complaint against the judge with the Judicial

Tenure Commission which was still pending at the time of trial. The circumstances presented here thus fall within factors (2) and (3) of the test stated in *Crampton*. The circumstances suggested such a risk of actual prejudice on the part of the judge that due process required his disqualification even absent a showing of actual prejudice. See *Auto Workers Flint Federal Credit Union v Kogler*, 32 Mich App 257, 259; 188 NW2d 184 (1971), in which disqualification was found to be mandated in part because a grievance before the state bar filed by one of plaintiff's attorneys against the trial judge was pending, although the Court also referred to other, unspecified conduct of the trial judge. See also *People v Lowenstein*, 118 Mich App 475; 325 NW2d 462 (1982), in which the Court held that an arrest warrant was invalid because not issued by a neutral and detached magistrate where the magistrate in question had been sued by defendant. Our decision is not to be construed as suggesting that the trial judge was guilty of any actual impropriety.

To prevent the issue from arising on remand, we note that, contrary to the contention made in plaintiffs' brief on appeal, the record reveals that the parties settled plaintiffs' claim for rescission for defendants' inability to convey clear title. We further note that the trial court file contains documents, dated subsequently to plaintiffs' claim of appeal, which indicate that defendants' counterclaim has also been settled.

Reversed and remanded for further proceedings before a different judge.