IMPULLITTI v IMPULLITTI

Docket No. 95431. Submitted June 17, 1987, at Detroit. Decided October 6, 1987.

Nancy Impullitti sought and obtained a judgment of divorce from Gary Impullitti following a trial in Macomb Circuit Court, George R. Deneweth, J. Legal and physical custody of the couple's fourteen-year-old daughter, Amy, was granted to plaintiff and the marital property was divided between the parties. Defendant appealed, raising several claims of error.

The Court of Appeals *held:*

1. The trial court did not err in ruling that Amy could not testify on the issue of custody. The trial court properly exercised its authority under MCR 2.401(B)(9) to limit the number of witnesses. Additionally, defendant, first appearing in propria persona, and defendant's counsel did not object, and the trial court had conducted an in camera conference with Amy prior to determining the child's preference as to who should be awarded custody.

2. The trial court did not err in considering the Friend of the Court's report in deciding the issue of custody. Although the report was inadmissible as evidence, the trial court properly considered it as an aid in understanding a critical issue of the case.

3. The trial court did not abuse its discretion in granting sole physical and legal custody of Amy to plaintiff. The evidence at trial supported the trial court's findings regarding the child's best interests in determining the issue of custody.

4. Defendant cited no authority in support of his contention that the trial court erred in terminating visitation after defendant had taken Amy to watch R-rated movies. Therefore,

REFERENCES

Am Jur 2d, Divorce and Separation, §§ 864 *et seq.*; 963 *et seq.*

Am Jur 2d, Judges §§ 86 *et seq.*; 166 *et seq.*

Disqualification of judge for bias against counsel for litigant. 23 ALR3d 1416.

What law governs validity, effect, and construction of separation of property settlement agreements. 18 ALR2d 760.

review by the Court of Appeals of this claimed error was precluded.

5. The trial court's division of marital property was fair and equitable considering defendant's current income, the length of the parties' marriage, the respective positions of the parties, and the fact that plaintiff was awarded custody of the child.

6. The Court of Appeals found no merit in defendant's claim that the trial judge should have been disqualified from this case on the basis of the trial judge's disqualification in another case involving defendant and his brother.

Affirmed.

1. APPEAL — PRESERVING QUESTION.

A mere statement of position without argument or citation of authority is insufficient to bring an issue before an appellate court.

2. DIVORCE — CHILD CUSTODY — WITNESSES.

A circuit court, in deciding the issue of child custody in a divorce proceeding, may properly deny admission of the child's testimony in open court where the court has conducted an in camera conference with the child, which was limited to determining the child's preference and excluded discussion of other factors not germane to the issue of custody, in order to spare the child the trauma of testifying in open court as to his choice of custodial parent.

3. DIVORCE — CHILD CUSTODY — FRIEND OF THE COURT — EVIDENCE.

A circuit court in a divorce action may consider the report by the Friend of the Court in determining child custody, but such report is inadmissible as evidence absent agreement of the parties.

4. DIVORCE — CHILD CUSTODY — APPEAL.

The Court of Appeals reviews a circuit court's child-custody determination de novo, but is bound to affirm the circuit court's judgment in the absence of an abuse of discretion, clear legal error, or findings of fact which are against the great weight of the evidence.

5. DIVORCE — DIVISION OF PROPERTY.

The division of property in a divorce case need not be mathematically equal to be deemed fair.

6. DIVORCE — DIVISION OF PROPERTY.

A circuit court, in determining an equitable distribution of property in a divorce action, should consider the property's source,

contribution towards its acquisition, length of the marriage, and the needs and earning capacities of the parties.

7. JUDGES — DISQUALIFICATION — BIAS.

Merely showing that a judge conducted a prior proceeding involving the same defendant, without a showing of actual bias, is insufficient to require the judge's disqualification from the pending action.

*Powers, Chapman, DeAgostino, Meyers, McTigue & Milia, P.C.* (by *Patrick T. McTigue*), for plaintiff.

*Edward M. Bunn,* for defendant.

Before: HOOD, P.J., and WEAVER and M. WARSHAWSKY,* JJ.

PER CURIAM. Defendant appeals as of right from a circuit court order issued pursuant to a divorce proceeding. The order granted to plaintiff sole legal and physical custody of their fourteen-year-old daughter, Amy, allowed defendant visitation at Amy's request, and distributed property among the two parties. We affirm.

I

Defendant first argues that the trial court erred when limiting trial testimony to that of the two parties, in ruling that Amy could not testify on the issue of custody, and in relying on prior conduct of the parties as indicated in the Friend of the Court's report. We find no error.

First, defendant cites no authority for the proposition that these actions denied him a full and fair trial. A bald assertion without supporting authority precludes examination of this issue. *People v Noble,* 152 Mich App 319, 328; 393 NW2d 619 (1986), lv den 427 Mich 854 (1986).

* Circuit judge, sitting on the Court of Appeals by assignment.

Second, the trial judge was authorized to limit the number of witnesses testifying at trial. MCR 2.401(B) (9). When the judge stated at the hearing held on October 8, 1985, that testimony would be limited to the parties, defendant, appearing in propria persona, did not object. Nor did defendant's counsel object at trial. Failure to object precludes an examination of this issue. *Bajis v Dearborn,* 151 Mich App 533, 536; 391 NW2d 401 (1986).

Third, by conducting an in camera conference with the child, which was limited to determining the child's preference and excluded discussion of other factors not germane to the custody dispute, the judge appropriately protected the child from the trauma of choosing between her two parents in open court. *Patrick v Patrick,* 99 Mich App 132, 136; 297 NW2d 635 (1980). This reasoning is as applicable to fourteen-year-old Amy as it would be to a child of tender years, since Amy's open-court testimony requiring her to choose sides would have been no less painful, distressing, and traumatic. *Lesauskis v Lesauskis,* 111 Mich App 811, 815; 314 NW2d 767 (1981). Having once held an in camera interview with the child, it was not error for the trial court to deny the admission of the child's testimony at trial. See *Burghdoff v Burghdoff,* 66 Mich App 608, 613; 239 NW2d 679 (1976).

As for defendant's assertion that the trial court erred by considering the Friend of the Court's report, we note that defendant did not timely request a review of the referee's findings. See MCL 552.507(5); MSA 25.176(7)(5). Although the report was inadmissible as evidence without the agreement of all parties, the judge was permitted to consider it as an aid in understanding critical issues of the case. *Jacobs v Jacobs,* 118 Mich App 16, 23; 324 NW2d 519 (1982). See also *Nichols v*

*Nichols,* 106 Mich App 584, 588; 308 NW2d 291 (1981), lv den 411 Mich 1045 (1981). The report describing the parties' past conduct was relevant to the court's understanding of the parent-child relationship, and did not prevent defendant from introducing evidence of his current ability to provide love, nurture and support for his child.

II

Defendant next argues that the trial court erred in granting sole physical and legal custody of Amy to plaintiff. We disagree.

First, as previously noted, the trial judge properly relied upon the Friend of the Court's report in making his custody decision. *Jacobs, supra.* A review of the record shows that the judge exercised his own judgment in reaching this decision. *Nichols, supra.*

Second, the trial judge satisfied the statutory requirement to individually review each of the eleven factors set forth at MCL 722.23; MSA 25.312(3) and concluded that it was in the best interest of the child to award sole custody to plaintiff. *Wilkins v Wilkins,* 149 Mich App 779, 785-786; 386 NW2d 677 (1986). Although this Court's review of the trial court's findings is de novo, we must affirm the trial court's judgment absent abuse of discretion, clear legal error, or findings against the great weight of the evidence. MCL 722.28; MSA 25.312(8); *Hood v Hood,* 154 Mich App 430, 436-437; 397 NW2d 557 (1986).

All of the judge's findings were supported by the evidence. There was no evidence at trial to show that Amy desired visitation following the two-year separation from her father. Since Amy had conferred privately with the trial judge in camera, and since the judge ordered visitation to occur

only at Amy's request, it may reasonably be inferred that Amy expressed a preference not to have custody awarded to her father. The trial judge's decision is further supported by the 1984 incident where defendant exercised poor judgment in taking Amy to two R-rated movies, and by defendant's psychiatric evaluations indicating plaintiff to be the better custodial parent. Although there was evidence that both parties were financially able to care for Amy's needs, plaintiff showed greater evidence of ability to provide a stable and satisfactory environment for Amy's social and academic development. Defendant did not show by clear and convincing evidence the necessity of changing this environment in the best interests of the child. *Arndt v Kasem,* 135 Mich App 252, 257-258; 353 NW2d 497 (1984).

Because we find no abuse of discretion, clear legal error, or findings against the great weight of the evidence, we affirm the trial court's award of sole custody to plaintiff.

### III

Defendant next argues that we should reverse the court's visitation order, asserting that after the court terminated visitation following the R-rated movie incident, he was denied a meaningful relationship with his child which the court's order will further hinder. Defendant cites no authority for this proposition. A bald assertion without supporting authority precludes an examination of the issue. *People v Noble, supra.* However, we note that defendant is not foreclosed from petitioning the trial court for a change in the visitation order when he feels that he can justify it.

### IV

Defendant further challenges the trial judge's

distribution of marital assets as inequitable. We do not find this to be the case.

Trial courts have wide discretion in determining the division of marital property, and while such division must be fair, it need not be mathematically equal. *Bolt v Bolt,* 113 Mich App 298, 305; 317 NW2d 601 (1982). Factors to be considered in the division are the property's source, contribution towards its acquisition, length of the marriage, and the needs and earning capacities of the parties. *McCallister v McCallister,* 101 Mich App 543, 549; 300 NW2d 629 (1980). This Court will not substitute its own judgment for that of the trial court absent an abuse of discretion. *Moffat v Moffat,* 105 Mich App 436, 439; 307 NW2d 337 (1980). We find no abuse of discretion here.

First, our calculations do not coincide with those which defendant alleges, and show that defendant's award of the total marital assets was in fact greater than plaintiff's. Second, while it is true that the court did not consider defendant's $5,000 down payment for the marital residence or the money which plaintiff took at the time of separation, neither did the court consider the vehicle which defendant reacquired from plaintiff and sold following the separation, nor did the court consider that defendant had resided in the marital residence for approximately three years pending the divorce. Further, although defendant now claims that his investment in Salem Mortgage is worthless due to that company's bankruptcy, at trial defendant asserted that he was nevertheless confident of recouping his entire investment.

Comparing defendant's current gross annual income with that of plaintiff, and considering the length of the marriage, the respective positions of the parties, and the fact that plaintiff is the custo-

dial parent, we believe that the property distribution was fair and equitable. *McCallister, supra.*

V

Defendant's final argument is that the trial judge should have been disqualified from hearing the divorce action due to his disqualification in a civil case involving defendant and his brother. This argument is without merit, since defendant has not alleged or shown actual bias. MCR 2.003(B)(2). *People v Armentero,* 148 Mich App 120, 134-135; 384 NW2d 98 (1986), lv den 425 Mich 883 (1986). Merely showing that a judge conducted a prior proceeding against the same defendant is insufficient to require disqualification. See *People v White,* 411 Mich 366, 386; 308 NW2d 128 (1981). Defendant's failure to cite any authority for such a notion makes it unnecessary to review this issue further. *People v Noble, supra.*

Affirmed.