CZUPRYNSKI v BAY CIRCUIT JUDGE

Docket No. 96554. Submitted December 14, 1987, at Lansing. Decided February 1, 1988.

Plaintiff, Edward M. Czuprynski, brought a complaint in the Court of Appeals seeking an order of superintending control to permanently disqualify defendant, Bay Circuit Judge Eugene C. Penzien, from presiding in any case in which plaintiff is counsel of record. The Court of Appeals issued orders dismissing the complaint, on May 6, 1986, and denying rehearing, on June 20, 1986. Court of Appeals Docket No. 91996. Plaintiff sought leave to appeal to the Supreme Court which, in lieu of granting leave to appeal, reversed the orders of the Court of Appeals and remanded to the Court of Appeals for consideration of the merits of plaintiff's complaint. 426 Mich 876 (1986). The Bay County Prosecutor's motion to file an amicus curiae brief was granted by the Court of Appeals.

The Court of Appeals *held*:

1. In cases such as this where issues of fact necessary to the exercise of the power to issue an order of superintending control are disputed, the remedy provided by MCR 2.003, and appeal thereafter as provided by Chapter 7 of the Michigan Court Rules, is adequate and must be used.

2. The procedure for disqualification of a trial judge because of bias or prejudice against a party or his attorney is provided by MCR 2.003. Generally, that procedure is exclusive and must be followed.

3. An order signed the chief judge of the Bay Circuit Court, which removed the defendant from all cases in which plaintiff

REFERENCES

Am Jur 2d, Judges §§ 166-179.

Pretrial comments indicating fixed view as to proper punishment for particular type of crime as basis for judge's disqualifiation under 28 USCS sec. 144. 29 ALR Fed 588.

Disqualification of judge by state, in criminal case, for bias or prejudice. 68 ALR3d 509.

Disqualification of judge for bias against counsel for litigant. 23 ALR3d 1416.

Relationship to attorney as disqualifying judge. 50 ALR2d 143.

appears as counsel of record pending an investigation and final order of the Judicial Tenure Commission on plaintiff's grievance against defendant filed in the commission, is an appropriate and sufficient remedy for the present. The pendency of the grievance before the commission does not require an extraordinary order from the Court of Appeals.

The complaint for superintending control is denied.

1. JUDGES — DISQUALIFICATION OF JUDGES — SUPERINTENDING CONTROL.

The remedy provided by MCR 2.003, and appeal thereafter as provided by Chapter 7 of the Michigan Court Rules, is adequate and must be used in a case where a party seeks recusal of a trial judge for bias or prejudice and where the issues of fact necessary to the exercise of the power to issue an order of superintending control for such purpose are disputed (MCR 2.003).

2. SUPERINTENDING CONTROL — MOTIONS AND ORDERS.

An order of superintending control is not always available even where an appeal is unavailable; whether an order of superintending control should issue depends upon the circumstances in the specific case.

3. JUDGES — DISQUALIFICATION OF JUDGES — COURT RULES.

The procedure provided by MCR 2.003 for disqualification of a trial judge because of bias or prejudice against a party or his attorney is exclusive and must be followed (MCR 2.003).

*Goodman, Eden, Millender & Bedrosian* (by *Ernest Goodman*), and *Paul H. Stevenson* and *Patricia M. Strunck*, of Counsel, for plaintiff.

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper* (by *Douglas W. VanEssen* and *Robert W. White*), for defendant.

Amicus Curiae:

*George B. Mullison*, Prosecuting Attorney, *Patrick O. Duggan*, Chief Assistant Prosecuting Attorney, and *Martha G. Mettee*, Assistant Prosecuting Attorney.

Before: HOOD, P.J., and SAWYER and T. E. JACKSON,* JJ.

SAWYER, J. In this case we are asked to exercise our extraordinary power to issue an order of superintending control to permanently disqualify defendant, Bay Circuit Judge Eugene C. Penzien, from presiding in any case in which plaintiff is counsel of record. We decline to issue such an order, and we hold that, in cases where issues of fact necessary to the exercise of such power are disputed, the remedy provided by MCR 2.003, and appeal thereafter as provided by Chapter 7 of the Michigan Court Rules, is adequate and must be used.

I

The authority of this Court to issue an order of superintending control derives from MCR Subchapter 3.300, and from MCR 7.203(C)(1) and 7.206. Justice WILLIAMS described this authority as it was granted by predecessor rules in *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 680-681; 194 NW2d 693 (1972):

> The Supreme Court has by GCR 1963, 711 provided that the Court of Appeals has the power to issue superintending control orders which are in the nature of *certiorari,* mandamus and prohibition.
> This superintending control has nothing to do with the general supervisory superintending control over all courts given to the Supreme Court by art 6, § 4 of the 1963 Constitution or the supervisory and general control over inferior courts and tribunals within their respective jurisdictions in accordance with rules of the Supreme Court, given

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

the circuit courts by art 6, § 13 of the 1963 Constitution.
*No general control of inferior courts exists in the Court of Appeals.*

More recently, the Supreme Court described this authority as follows in *In re People v Burton,* 429 Mich 133, 139; 413 NW2d 413 (1987):

In exercising the power of superintending control over a lower court, a reviewing court is invoking an extraordinary power. Under its constitutional power, this Court adopted MCR 7.203(C) which provides the jurisdiction of the Court of Appeals for extraordinary writs, original actions, and enforcement actions. MCR 7.203(C)(1) provides that the Court may entertain an action for "superintending control over a lower court or a tribunal immediately below it arising out of an action or proceeding which, when concluded, would result in an order appealable to the Court of Appeals." MCR 3.302(C) provides that superintending control is to be used in place of the former writs of certiorari, mandamus, and prohibition. An order of superintending control, comparable to a writ of certiorari, traditionally has been used only to determine "if the inferior tribunal, upon the record made, had jurisdiction, whether or not it exceeded that jurisdiction and proceeded according to law." *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672; 194 NW2d 693 (1972), quoting *In re Fredericks,* 285 Mich 262; 280 NW 464 (1938). The review in such a case is limited only to questions of law.

The scope of review was further described by Justice WILLIAMS in *Genesee Prosecutor, supra* at 681, as follows:

The writ of *certiorari* is for review of errors of law and our inquiry is limited to determining "if the inferior tribunal, upon the record made, had

jurisdiction, whether or not it exceeded that jurisdiction and proceeded according to law." *In re Fredericks,* 285 Mich 262, 267 [280 NW 464] (1938). In [*People v*] *Flint Municipal Judge* [383 Mich 429; 175 NW2d 750 (1970)], we noted that mandamus would lie to require the magistrate to perform a clear legal duty. Here it is contended that the judge acted without jurisdiction and therefore has a clear legal duty to vacate the guilty plea and reinstate the criminal proceedings as filed in the information. The writ of prohibition is a common-law remedy designed to prevent excesses of jurisdiction. It is a proper remedy where the court exceeds the bounds of its jurisdiction or acts in a matter not within its jurisdiction. *Hudson v Judge of Superior Court,* 42 Mich 239, 248 [3 NW 850] (1879).

See also *Erlandson v Genesee Co Employees' Retirement Comm,* 337 Mich 195, 201; 59 NW2d 389 (1953), where a unanimous Court held as follows:

Appeals in the nature of certiorari are limited in scope. Questions of fact may not be reviewed. *Brown v Blanchard,* 39 Mich 790 [1878]. Disputed facts cannot be determined. *Hyde v Nelson,* 11 Mich 353 [1863]. Nor can the weight of evidence be reviewed. *Linn v Roberts,* 15 Mich 443 [1867]. Only errors of law may be considered.

In *Powers v Secretary of State,* 309 Mich 530, 533; 16 NW2d 62 (1944), the Court held:

[M]andamus is not a writ of right but of grace and discretion, and will not lie to compel a public officer to perform a duty dependent upon disputed and doubtful facts.

Further limits on the use of this power are suggested by MCR 3.302(B) and (D)(2), which provide:

(B) If another adequate remedy is available to the party seeking the order, a complaint for superintending control may not be filed. See subrule (D)(2), and MCR 7.101(A)(2), and 7.304(A).

(D)(2) When an appeal in the Supreme Court, the Court of Appeals, the circuit court, or the recorder's court is available, that method of review must be used. If superintending control is sought and an appeal is available, the complaint for superintending control must be dismissed.

It has been held that the "adequacy of the appeal remedy is not a jurisdictional test but merely a procedural requirement to be met before relief can be granted." *In re Hague*, 412 Mich 532, 546-547; 315 NW2d 524 (1982); *Cahill v Fifteenth District Judge*, 393 Mich 137; 224 NW2d 24 (1974). Both the *Hague* and the *Cahill* cases were concerned with the exercise of a circuit court's constitutional supervisory power over the general practices of an inferior court or judge. In both cases the Supreme Court found the appeal of dozens upon dozens of such cases to be neither an adequate nor realistic remedy. 412 Mich 547, and 393 Mich 142-143.

The facts in this case are very different from those in *Hague* and *Cahill,* and we do not find them very helpful. As Justice ARCHER noted in *Burton, supra,* even where an appeal is unavailable an order of superintending control is not always available. "Whether an order of superintending control should issue depends upon the circumstances in the specific case." *Burton, supra* at 142.

II

The procedure for disqualification of a trial judge because of bias or prejudice against a party

or his attorney, which was formerly provided by statute, is now provided by court rule. MCR 2.003. Generally, that procedure is exclusive and must be followed. *Consumers Power Co v Iosco Circuit Judge,* 210 Mich 572; 178 NW 98 (1920); *Hayes-Albion Corp v Kuberski,* 108 Mich App 642, 657-658; 311 NW2d 122 (1981).

MCR 2.003 provides that a party or attorney seeking disqualification must file a written motion supported by an affidavit of facts and including all known grounds for disqualification. The judge complained of then holds a hearing and decides the motion. If the motion is denied, then the party or attorney may refer the motion to the chief judge who must decide the motion de novo on the record.

Review of an order granting or denying recusal of a trial judge for bias or prejudice is for abuse of discretion and the record must show actual bias or prejudice. The reviewing court must be provided with transcripts of the hearing or hearings and the affidavits filed by the parties. *MacDonald v Ford Motor Co,* 117 Mich App 538, 542; 324 NW2d 489 (1982).

We have been able to find only one case in Michigan which grants relief comparable to that requested by plaintiff in this case. In *Auto Workers Flint Federal Credit Union v Kogler,* 32 Mich App 257, 258-259; 188 NW2d 184 (1971), this Court gave the following reasons for permanent disqualification of Judge Donald Freeman from any cases involving the plaintiffs' law firm:

> The brief submitted by the law firm states that subsequent to the judge's election as a circuit judge, the members of that law firm have moved to disqualify him in every case in which they were counsel of record. *Since that time, one hundred such motions have been filed and most have been*

*granted by other judges of the Genesee County Circuit Court.*

\* \* \*

This Court is convinced, however, that *plaintiffs' affidavits sufficiently establish conduct on the part of the judge to support a motion for disqualification.* In addition, there is now an outstanding grievance before the State Bar against him, the grievance having been filed by one of the members of the law firm. *It is our opinion that the conduct in the past, along with the grievance which has been filed, is sufficient to support a motion for disqualification.*

\* \* \*

*Since it is our opinion that the acts complained of demonstrate a prejudice and hostility toward members of the law firm,* he should be disqualified from hearing any cases in which the firm is counsel. [Emphasis added.]

It should be noted that *Kogler* came to this Court by application for leave to appeal, and that the remedy was undoubtedly adequate.

By way of contrast, in this case it appears that plaintiff appeared as counsel of record in approximately twenty-five cases before Judge Penzien between 1982, the year he was admitted to practice as an attorney, and 1986, when this complaint was filed. In almost every case, Mr. Czuprynski filed one or more motions to disqualify Judge Penzien. In several cases, such motions were referred to Chief Judge Caprathe, and in a few cases Mr. Czuprynski moved to disqualify Judge Caprathe. We are informed that every single motion to disqualify was denied. Defendant Judge Penzien vigorously disputes the allegations of bias and prejudice.

We conclude that the complaint for superintending control should not be granted on such disputed

facts. In the circumstances of this case, it appears to us that parties or attorneys who seek recusal of a trial judge for bias or prejudice should be limited to the procedures set out in MCR 2.003 and that the remedy of appeal is adequate and must be used.

### III

Plaintiff argues that he has filed a grievance against Judge Penzien in the Judicial Tenure Commission and, therefore, Judge Penzien should be permanently disqualified in order to preserve the appearance of objectivity, citing *Kogler, supra,* and *Clemens v Bruce,* 122 Mich App 35; 329 NW2d 522 (1982).

Although proceedings before the JTC are confidential prior to the issuance of a complaint by the commission, MCR 9.207, 9.208, 9.222, and no such complaint has been issued as to Judge Penzien, when plaintiff revealed to Judge Penzien and Chief Judge Caprathe that a grievance was pending, Chief Judge Caprathe, on March 18, 1987, entered an order removing Judge Penzien from all cases in which Mr. Czuprynski appears as counsel of record, pending the investigation and final order of the Judicial Tenure Commission.

The mere filing of a grievance with the commission has no tendency to show merit in the grievance, or to show actual bias or prejudice on the part of the judge against the grievant. We believe the order issued on March 18, 1987, which goes well beyond the relief granted in *Clemens, supra,* is an appropriate and sufficient remedy for the present. The pendency of the grievance before the

JTC, therefore, does not require an extraordinary order from this Court.[1]

The complaint for superintending control is denied. Defendant may tax costs.

---

[1] In fact, due to the confidential nature of proceedings before the JTC, it may well be that the grievance has already been resolved. In any event, we believe that the procedure employed is adequate and we need not take further action ourselves.