## PEOPLE v UPSHAW

Docket No. 102138. Submitted May 19, 1988, at Detroit. Decided October 17, 1988.

Randall Upshaw was convicted of involuntary manslaughter following a bench trial before Detroit Recorder's Court Judge Robert L. Evans, on charges of first-degree murder and possession of a firearm during the commission of a felony. Defendant appealed and the Court of Appeals reversed in an unpublished opinion per curiam, decided March 25, 1987 (Docket No. 88718), holding that the verdict was against the great weight of the evidence. On remand, the case was again assigned to Judge Evans and again defendant waived his right to a jury trial. The people moved to disqualify Judge Evans and the motion was denied and was subsequently also denied by Recorder's Court Chief Judge Dalton A. Roberson. The people appealed by leave granted.

The Court of Appeals *held:*

Disqualification of a trial judge as the finder of fact in a subsequent trial is not required solely because the judge sat as the trier of fact in a former trial, absent some special circumstances which increase the risk of unfairness. The people did not show any special circumstances.

Affirmed.

R. B. BURNS, J., dissented. He would hold that the people are barred from a second prosecution by virtue of the Court's prior holding that the people failed to prove the charges in the first trial. He would dismiss the case and release the defendant.

NEW TRIAL — BENCH TRIALS — RETRIAL — DISQUALIFICATION OF JUDGES.

Disqualification of a trial judge as the finder of fact in a subsequent trial is not required solely because the judge sat as the trier of fact in a former trial, absent some special circumstances which increase the risk of unfairness.

*Frank ·J. Kelley,* Attorney General, *Louis J.*

REFERENCES

Am Jur 2d, Judges § 181.
See the Index to Annotations under Judges.

*Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, and *Mary Sue Czarnecki,* Assistant Prosecuting Attorney, for the people.

*Mark J. Kriger,* for defendant.

Before: HOOD, P.J., and CYNAR and R. B. BURNS,* JJ.

HOOD, P.J. On May 20, 1985, following a bench trial before Detroit Recorder's Court Judge Robert L. Evans, defendant, Randall Upshaw, also known as Randolph Upshaw, was convicted of involuntary manslaughter, MCL 750.321; MSA 28.553. This Court reversed in an unpublished opinion per curiam, decided March 25, 1987 (Docket No. 88718), finding the verdict to be against the great weight of the evidence. Upon remand, the case was again assigned to Judge Evans, and defendant again waived his right to a jury trial. The people's motion to disqualify Judge Evans was denied by Judge Evans in an order entered on June 30, 1987, and the motion was then referred to Chief Judge Dalton A. Roberson, who also denied it by an order entered the same day. The people appealed to this Court. We now affirm.

The people argue that, as an automatic rule, a judge who sat as the factfinder at the first trial should be disqualified from sitting as the factfinder in the retrial. The people reason that a judge who has heard and weighed the evidence, and rendered a verdict, has necessarily prejudged the facts such that he or she cannot be a fair and impartial trier of fact when the same charges are tried in the new trial.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

In order to disqualify a judge under MCR
2.003(B)(2), actual bias or prejudice must be shown.
*Impullitti v Impullitti,* 163 Mich App 507, 514; 415
NW2d 261 (1987). Merely proving that a judge was
involved in a prior trial or other proceeding
against the same defendant does not amount to
proof of bias for purposes of disqualification. *People v White,* 411 Mich 366, 386; 308 NW2d 128
(1981); *Emerson v Arnold (After Remand),* 92 Mich
App 345, 353; 285 NW2d 45 (1979) (where the
same judge conducted the summary disposition
hearing and the bench trial). However, some panels of this Court, in cases involving circumstances
not identical to the present, have expressed concern or caution when the judge serves as factfinder
in the first trial. See *Clemens v Bruce,* 122 Mich
App 35, 37; 329 NW2d 522 (1982), quoting *Crampton v Dep't of State,* 395 Mich 347, 351; 235 NW2d
352 (1975), reh den 396 Mich 956 (1976); *People v
Lowenstein,* 118 Mich App 475, 482, n 1; 325
NW2d 462 (1982), lv den 414 Mich 947 (1982).

Perhaps it is inevitable that suspicion about
Judge Evans' impartiality would arise when Judge
Evans sits for the second time as the factfinder in
defendant's trial. However, suspicions do not constitute proof of partiality or prejudice. The people
cite *People v Gibson (On Remand),* 90 Mich App
792; 282 NW2d 483 (1979), lv den 408 Mich 868
(1980), in which the trial judge's statements at a
codefendant's bench trial indicated that the judge
had made a prejudgment as to the guilt of the yet-
to-be-tried defendant. *Gibson* is distinguishable
since nothing in the record indicates that Judge
Evans' verdict in the first trial amounted to a
prejudgment of the verdict in defendant's second
trial. As the *Gibson* Court itself stated, "[i]t is the
trial judge's prejudgment, rather than an exercise

of his judgment, which requires disqualification in the present case." 90 Mich 797, n 2.

In *Crampton, supra,* our Supreme Court stated that a judge may be disqualified without a showing of actual bias in situations where, inter alia, the judge or decisionmaker "might have prejudged the case because of prior participation as an accuser, investigator, factfinder or initial decisionmaker." 395 Mich 351. However, the *Crampton* Court itself concluded that disqualification appeared to be necessary only when the adjudicators had personally conducted the initial investigation, amassed evidence, and filed and prosecuted the charges. In addition, the judicial exception to the general rule requiring actual bias outlined in *Crampton* has never been included as a ground for disqualification under MCR 2.003(B). We decline to adopt a rule of automatic disqualification solely because a judge has sat as a factfinder in a prior trial. We find that, unless there are special circumstances which increase the risk of unfairness, disqualification of a trial judge as factfinder in the second trial is not required solely because the trial judge sat as factfinder in the first trial. This conclusion is strengthened by the fact that the party the most at risk, namely, defendant, is apparently satisfied with the assignment of Judge Evans, and has waived his right to a jury trial.

The standard of review is whether the court abused its discretion in denying the motion for disqualification. *People v Bero,* 168 Mich App 545, 549; 425 NW2d 138 (1988). We hold that the circumstances presented here do not require automatic recusal of the trial judge, and that there was no abuse of discretion.

Affirmed.

CYNAR, J., concurred.

R. B. BURNS, J. *(dissenting).* Although the issue was not raised by either party, to me the error appears to be so obvious that I cannot ignore it.

Defendant Randall Upshaw was charged with first-degree murder and possession of a firearm during the commission of a felony and was convicted of involuntary manslaughter in violation of MCL 750.321; MSA 28.553, following a bench trial before Judge Robert Evans. On appeal, this Court reversed defendant's conviction in an unpublished per curiam opinion decided on March 25, 1987 (Docket No. 88718).

This Court stated:

> Defendant was charged with first-degree murder and felony firearm. Following a bench trial, the trial court found him guilty of involuntary manslaughter and acquitted him of the felony firearm charge. We reverse and remand for a new trial, finding the verdict to be against the great weight of the evidence.

The Court further stated:

> Because the court accepted defendant's alibi, however, we believe some evidence was required to establish that the victim died during a period of time when the defendant did not have an alibi. As indicated, no such evidence was presented at trial.

The Court found that the prosecution had not proved its case. Defendant cannot be tried a second time. Prosecutors do not get two chances to prove cases.

I would dismiss the case and release the defendant.