PEOPLE v HOUSTON

PEOPLE v BINDER

OAKLAND COUNTY PROSECUTOR v OAKLAND CIRCUIT JUDGE

Docket Nos. 114712, 114981, 115110. Submitted July 11, 1989, at
Lansing. Decided August 22, 1989. Leave to appeal applied for.

Yolanda Houston and Peter Binder were each charged in Oak-
land Circuit Court with delivery of over 650 grams of a mixture
containing cocaine. Separate trials were set before Judge David
F. Breck, who in another case had ruled that the mandatory
life imprisonment sentence provided by the controlled sub-
stances provisions of the Public Health Code for the manufac-
ture, delivery or possession of over 650 grams of certain con-
trolled substances, including cocaine, was unconstitutional. The
people moved for the disqualification of Judge Breck from the
cases of defendants Houston and Binder and from all future
cases which may involve mandatory life imprisonment pursu-
ant to the controlled substances act. Robert C. Anderson, J.,
chief judge of the Oakland Circuit Court, issued orders granting
the people's motions. Judge Breck appealed. Defendants Hous-
ton and Binder each sought and was granted leave to appeal to
the Court of Appeals.

The Court of Appeals consolidated the appeals and *held:*

As a general rule, a trial judge is not disqualified absent a
showing of actual bias or prejudice. However, a showing of
actual bias or prejudice is not necessary where the judge (1) has
a pecuniary interest in the outcome of the case, (2) has been
the target of personal abuse or criticism from a party before
him, (3) is enmeshed in other matters involving the parties, or
(4) might have prejudged the case because of prior participation
as an accuser, investigator, factfinder or initial decisionmaker.
Here, the people did not establish that one of the four situa-
tions described above applied to Judge Breck. Hence, they were
required to prove actual bias. The record, however, does not
indicate actual bias on the part of Judge Breck and the chief

REFERENCES

Am Jur 2d, Judges §§ 86 *et seq.*
See the Index to Annotations under Judges.

judge therefore abused his discretion in ordering Judge Breck's disqualification.

Reversed.

1. JUDGES — DISQUALIFICATION — BIAS OR PREJUDICE.

As a general rule, a trial judge is not disqualified absent a showing of actual bias or prejudice; however, a showing of actual bias is not necessary where the judge (1) has a pecuniary interest in the outcome of the case, (2) has been the target of personal abuse or criticism from a party before him, (3) is enmeshed in other matters involving the parties, or (4) might have prejudged the case because of prior participation as an accuser, investigator, factfinder or initial decisionmaker.

2. JUDGES — DISQUALIFICATION — BIAS OR PREJUDICE.

Repeated rulings against a litigant, no matter how erroneous, and how vigorously and consistently expressed, do not constitute grounds for disqualifying a trial judge for bias or prejudice.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people and Oakland County Prosecutor Richard Thompson.

*Elizabeth L. Jacobs,* for Yolanda Houston.

*Steven Fishman,* for Peter Binder.

*Gropman, Lebow & Tobin* (by *Michael J. Lebow*), for Oakland Circuit Judge David F. Breck.

Amicus Curiae:

*F. Randall Karfonta,* for Criminal Defense Attorneys of Michigan.

Before: SHEPHERD, P.J., and BEASLEY and GRIBBS, JJ.

PER CURIAM. On January 18, 1989, Oakland Circuit Court Chief Judge Robert C. Anderson

disqualified Circuit Judge David F. Breck from hearing cases involving the possession of over 650 grams of a mixture containing a controlled substance and ordered that Judge Breck not be assigned any capital cases under the controlled substances sections of the Public Health Code, MCL 333.7401(2)(a)(i), 333.7403(2)(a)(i); MSA 14.15(7401)(2)(a)(i), 14.15(7403)(2)(a)(i), or involving conspiracy to violate those sections. On January 19, 1989, Chief Judge Anderson disqualified Judge Breck from presiding over defendants Houston's and Binder's cases. Judge Breck appeals as of right and defendants Houston and Binder appeal by leave granted. The cases have been consolidated on appeal. We reverse.

The essential issue on appeal is whether the chief judge abused his discretion in ordering Judge Breck disqualified in the Houston and Binder cases, and in all cases involving possession of over 650 grams of a mixture containing a controlled substance. We conclude that the chief judge erred in applying the "appearance of bias" test and should have required a showing of actual bias or prejudice.

The circumstances under which a judge may be disqualified are set forth in MCR 2.003(B):

> A judge is disqualified when the judge cannot impartially hear a case, including a proceeding in which the judge
> (1) is interested as a party;
> (2) is personally biased or prejudiced for or against a party or attorney;
> (3) has been consulted or employed as an attorney in the matter in controversy;
> (4) was a partner of a party, attorney for a party, or a member of a law firm representing a party within the preceding two years;
> (5) is within the third degree (civil law) of con-

sanguinity or affinity to a person acting as an attorney or within the sixth degree (civil law) to a party;

(6) or the judge's spouse or minor child owns a stock, bond, security, or other legal or equitable interest in a corporation which is a party, but this does not apply to

(a) investments in securities traded on a national securities exchange registered under the Securities Exchange Act of 1934, 15 USC 78a *et seq.*;

(b) shares in an investment company registered under the Investment Company Act of 1940, 15 USC 80a-1 *et seq.*;

(c) securities of a public utility holding company registered under the Public Utility Holding Company Act of 1935, 15 USC 79 *et seq.*;

(7) is disqualified by law for any other reason.

As a general rule, a trial judge is not disqualified absent a showing of actual bias or prejudice. *Band v Livonia Associates,* 176 Mich App 95, 118; 439 NW2d 285 (1989); *Czuprynski v Bay Circuit Judge,* 166 Mich App 118, 124; 420 NW2d 141 (1988). The party moving for disqualification bears the burden of proving actual bias or prejudice. *Id.*

A showing of actual bias is not necessary where "experience teaches that the probability of actual bias . . . is too high to be constitutionally tolerable." *Crampton v Dep't of State,* 395 Mich 347, 351; 235 NW2d 352 (1975). Certain situations have been identified as posing such a risk:

[W]here the judge or decisionmaker

(1) has a pecuniary interest in the outcome;

(2) "has been the target of personal abuse or criticism from the party before him";

(3) is "enmeshed in [other] matters involving petitioner . . ."; or

(4) might have prejudged the case because of

prior participation as an accuser, investigator, fact finder or initial decisionmaker. [*Crampton,* 395 Mich at 351.]

The test for whether or not a trial judge should be disqualified has been stated as follows:

The test is not whether or not actual bias exists but also whether there was "such a likelihood of bias or an appearance of bias that the judge was unable to hold the balance between vindicating the interests of the court and the interests of the accused." [*People v Lowenstein,* 118 Mich App 475, 482; 325 NW2d 462 (1982), lv den 414 Mich 947 (1982), quoting *Ungar v Sarafite,* 376 US 575, 588; 84 S Ct 841; 11 L Ed 2d 921 (1964).]

In this case, the prosecutor alleged that Judge Breck could not be impartial because (1) he ruled contrary to legal precedent that the mandatory life sentence provision of MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i) was unconstitutional, (2) he erroneously ruled on several pretrial motions in the case against defendant Binder, and (3) he wrote open letters to the bench expressing his personal concern about the mandatory life sentencing provision.

There are no allegations that Judge Breck had a pecuniary interest in the outcome of the cases involved here, had been the target of personal abuse or personal criticism from the prosecutor so as to become embroiled in the controversy, was enmeshed in other legal matters involving the prosecutor, or may have prejudiced the cases because of his prior participation as an accuser, investigator, factfinder or initial decisionmaker. See *Crampton,* 395 Mich at 351-355. Although there is a serious dispute between Judge Breck and the prosecutor regarding the mandatory life

sentencing provision of the controlled substances act, that dispute has not led to actions other than motions for disqualification. See *Clemens v Bruce,* 122 Mich App 35, 37-38; 329 NW2d 522 (1982). Judge Breck did not have prior adversarial relationships with the defendants, or with the prosecutor here. See *Lowenstein,* 118 Mich App 482; *People v Gauntlett,* 134 Mich App 737, 761; 352 NW2d 310 (1984), modified 419 Mich 909 (1984).

The alleged prejudice in this case involves the trial court's rulings on the constitutionality of a statute and on various pretrial matters. There is no allegation of personal bias against any party. Accordingly, we believe the chief judge should have required a showing of actual bias. *Wayne Co Prosecutor v Doerfler,* 14 Mich App 428, 438-441; 165 NW2d 648 (1968). Since the wrong standard was used to support the order of disqualification, and since we find no evidence of personal bias, the orders disqualifying Judge Breck are reversed.

The prosecutor correctly asserts that a trial judge may not strike down a statute as unconstitutional where such ruling is contrary to appellate precedent and "obviously based upon his widely publicized personal belief about what the law should be rather than what it is." *In the Matter of Hague,* 412 Mich 532, 552; 315 NW2d 524 (1982). However, the chief judge specifically stated that he was not concerned with Judge Breck's ruling on the constitutionality of the statute, so we need not consider that issue here. In any event, we do not believe that motions for disqualification are the proper means for correcting the alleged error, particularly since the prosecutor has challenged Judge Breck's rulings as to the constitutionality of the statute in a separate appeal. The validity of those rulings will, quite properly, be determined

by another panel of this Court. *People v Ryan,* Docket No. 113462.

We have also reviewed the challenged pretrial rulings in this case. The trial judge did not err by ordering the sequestration of the officer in charge during defendant's opening statement in the case against defendant Binder. We note that the sequestration did not extend to the trial itself. Sequestration of witnesses is a matter for the discretion of the trial judge. *People v Cyr,* 113 Mich App 213, 231; 317 NW2d 857 (1982), lv den 414 Mich 888 (1982). Nor did the trial judge err in ruling that defense counsel in the *Binder* case could argue to the jury that codefendant Fluker's flight could be considered when determining guilt. See *People v Burnett,* 166 Mich App 741, 752; 421 NW2d 278 (1988), lv den 431 Mich 899 (1988); *People v Van Sickle,* 116 Mich App 632, 636-637; 323 NW2d 314 (1982).

However, the trial judge did err in his decision to inform the jury that defendant Binder would be subject to a mandatory life sentence if convicted as charged. It is not proper for the trial court to place the possible penalty before the jury. *People v Goad,* 421 Mich 20, 25-27; 364 NW2d 584 (1984). Accordingly, the trial court is instructed not to inform the jury of possible penalties on retrial. Nevertheless, rulings against a litigant are not grounds for disqualification. *Band,* 176 Mich App 118. As stated in *Mahlen Land Corp v Kurtz,* 355 Mich 340, 350; 94 NW2d 888 (1959), quoting *United States v Shibley,* 112 F Supp 734, 748 (SD Cal, 1953):

"Repeated rulings against a litigant, no matter how erroneous, and how vigorously and consistently expressed, are not disqualifying." Every court, and every member of every appellate court,

must form an opinion as to the merits of the matter before him, often, as to the *bona fides* of the parties. This opinion, pro or con, cannot constitute bias or prejudice.

Finally, the chief judge did not abuse his discretion in finding the prosecutor's motion for disqualification timely under MCR 2.003(C)(1). The motion was filed within fourteen days after all of the alleged grounds for disqualification had occurred.

The orders of disqualification are reversed.